**PROSKAUER ROSE LLP**
Former Counsel to the Official
Committee of Unsecured Creditors
1585 Broadway
New York, NY 10036
Sheldon I. Hirshon, Esq.
Telephone: (212) 969-3000
Fax: (212) 969-2900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------

|  |  |  |
|---|---|---|
| | x | Chapter 11 |
| In re: | : | |
| | : | Case Nos. 92-B-40026 (RDD) through |
| WINIMO REALTY CORP., <u>et al</u>., | : | 92-B-40045 (RDD), inclusive |
| | : | |
| Debtors. | : | JOINTLY ADMINISTERED UNDER |
| | : | CASE NO. 92-B-40026 (RDD) |
| | x | |

----------------------------------------------------

**STATEMENT OF PROSKAUER ROSE LLP**
**(F/K/A PROSKAUER ROSE GOETZ & MENDELSOHN LLP)**
**SETTING FORTH THE FINAL AMOUNTS**
**OF FEES AND REIMBURSEMENT OF DISBURSEMENTS**
**PREVIOUSLY AWARDED AND**
**<u>REQUEST FOR FINAL ALLOWANCE</u>**

Pursuant to that certain Order Directing the Filing on the Legal Docket of a

Statement Setting Forth the Final Amounts of Fees and Reimbursement of Disbursements

Professionals Will Seek in Their Final Applications for Allowances, dated June 9, 2010,

Proskauer Rose LLP (f/k/a Proskauer Rose Goetz & Mendelsohn LLP) ("Proskauer" or

"Applicant"), as former counsel to the Official Committee of Unsecured Creditors, submits this

Statement as follows:

1.      As summarized in the Supplemental Notice of Final Fee Application

Request of Proskauer Rose LLP (f/k/a Proskauer Rose Goetz & Mendelsohn LLLP) for the

Period from February 20, 1992 through October 31, 1995 which is annexed hereto as <u>Exhibit</u>

A, on or about February 16, 1996, Proskauer filed with this Court its Eighth and Final Application as Counsel to the Official Committee of Unsecured Creditors of Winimo Realty Corp., et al., for Allowance of Compensation and Reimbursement of Expenses (the "Eighth and Final Fee Application"), a copy of which is annexed hereto as Exhibit B. In the Eighth and Final Fee Application, Proskauer sought (i) approval of fees in the amount of $128,042.70 and expenses in the amount of $4,277.94 incurred during the period January 1, 1995 through October 31, 1995 (the "Eighth Application Period"), (ii) final approval of its total fees of $1,190,266.65[1] and total expenses of $87,295.12 incurred from February 20, 1992 through October 31, 1995, for a total award of 1,277,561.77, and (iii) additional relief as described herein.

2.      An order was entered by the Court on September 8, 1992 allowing Proskauer fees and disbursements with respect to the First Application Period and ordering a holdback of $10,972.85.

3.      An order was entered by the Court on February 11, 1993 allowing Proskauer fees and disbursements with respect to the Second Application Period and ordering a holdback of $16,917.70.

4.      An order was entered by the Court on March 31, 1993 allowing Proskauer fees and disbursements with respect to the Third Application Period and ordering a holdback of $11,145.65.

5.      The total holdbacks for the First, Second and Third Application Periods is $39,036.20 (the "Holdbacks").

---

[1] This amount includes the $39,036.20 being requested in connection with the Holdbacks.

6.  An order was entered by the Court on June 22, 1995 allowing Proskauer fees of $169,127.50 and disbursements of $4,132.79 with respect to the Seventh Application Period from May 1, 1994 through and including December 31, 1994, none of which has been paid.

7.  An order was entered by the Court on July 31, 1996 (as amended on August 8, 1996) allowing Proskauer fees of $128,042.75 and disbursements of $4,277.94 with respect to the Eighth Application Period, none of which has been paid. However, this order did not address Applicant's request for reward of the Holdbacks and final approval of its total fees and expenses incurred from February 20, 1992 through October 31, 1995.

8.  Proskauer, therefore, renews its request, as set forth more fully in the Eighth and Final Fee Application, for an order (i) of final approval of Proskauer's total requested fees of $1,190,266.65 (including the Holdbacks), and total requested expenses of $87,295.12, and (ii) the payment of the Holdbacks and all unpaid amounts allowed for the Seventh and Eighth Application Periods, which totals $336,206.45 in fees and $8,410.73 in disbursements, for a total of $344,617.18.

**WHEREFORE**, Proskauer respectfully requests that this Court enter an Order (i) approving, on a final basis, Proskauer's total requested fees in the amount of $1,190,266.65[2] and expenses in the amount of $87,295.12, (ii) directing the Debtors to make payment to Proskauer in the total amount of $344,617.18, representing the payment of the Holdbacks and all unpaid amounts allowed for the Seventh and Eighth Application Periods, and (v) granting such other relief as is just and proper.

---

[2]  This amount includes the $39,036.20 being requested in connection with the Holdbacks.

Dated:  June 23, 2010         PROSKAUER ROSE LLP

By:  /s/ Sheldon I. Hirshon

Sheldon I. Hirshon (SH-0070)
1585 Broadway
New York, NY  10036-8299
Telephone:  212-969-3000

Former Counsel to the Official
Committee of Unsecured Creditors

# EXHIBIT A

**PROSKAUER ROSE LLP**
Former Counsel to the Official
Committee of Unsecured Creditors
1585 Broadway
New York, NY 10036
Sheldon I. Hirshon, Esq.
Telephone: (212) 969-3000
Fax: (212) 969-2900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------- x     Chapter 11
In re:                                              :
                                                    :     Case Nos. 92-B-40026 (RDD) through
WINIMO REALTY CORP., et al.,                        :     92-B-40045 (RDD), inclusive
                                                    :
                               Debtors.             :     JOINTLY ADMINISTERED UNDER
                                                    :     CASE NO. 92-B-40026 (RDD)
--------------------------------------------------- x

**SUPPLEMENTAL NOTICE OF FINAL FEE APPLICATION REQUEST OF**
**PROSKAUER ROSE LLP (F/K/A PROSKAUER ROSE GOETZ &**
**MENDELSOHN LLP) FOR THE PERIOD**
**FROM FEBRUARY 20, 1992 THROUGH OCTOBER 31, 1995**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP (f/k/a Proskauer Rose Goetz & Mendelsohn LLP) |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | *Nunc Pro Tunc* to February 20, 1992 by order entered March 4, 1992 |
| Period for which Final Compensation and Reimbursement are Sought: | February 20, 1992 through October 31, 1995 |
| Total Amount of Compensation for which Final Approval is Sought: | $1,190,266.65 |
| Total Amount of Expense Reimbursement for which Final Approval is Sought: | $87,295.12 |

**Outstanding Amounts:**

| | |
|---|---|
| Fees Previously Heldback and now requested for approval[1] | $ 39,036.20 |
| Approved Fees Remaining Unpaid[2] | $297,170.25 |
| Approved Expenses Remaining Unpaid[3] | $ 8,410.73 |
| **Total Amount Remaining Outstanding** | **$344,617.18** |

This is a: ___ monthly     ___ interim     X final application.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Holdback Fees Requested | Amounts Remaining Unpaid |
|---|---|---|---|---|---|---|---|
| 7/27/92 | 2/20/92 – 6/30/92 | $109,728.50 | $11,988.54 | $98,755.65 | $11,988.54 | **$10,972.85** | **$10,972.85** |
| 1/6/93 | 7/1/92 – 10/31/92 | $169,177.00 | $14,471.37 | $152,259.30 | $14,471.37 | **$16,917.70** | **$16,917.70** |
| 3/11/93 | 11/1/92 – 2/28/93 | $111,456.50 | $9,559.77 | $100,310.85 | $9,559.77 | **$11,145.65** | **$11,145.65** |
| 8/20/93 | 3/1/93 – 6/30/93 | $249,423.25 | $20,253.65 | $249,423.25 | $20,253.65 | **$0** | **$0** |
| 12/23/93 | 7/1/93 – 10/31/93 | $179,757.90 | $15,261.80 | $179,757.90 | $15,261.80 | **$0** | **$0** |
| 6/7/94 | 11/1/93 – 4/30/94 | $73,553.25 | $7,349.26 | $73,553.25 | $7,349.26 | **$0** | **$0** |
| 3/3/95 | 5/1/94 – 12/31/94 | $169,127.50 | $4,132.79 | $169,127.50 | $4,132.79 | **$0** | **$173,260.29** |
| 2/16/96 | 1/1/95 – 10/31/95 | $128,042.75 | $4,277.94 | $128,042.75 | $4,277.94 | **$0** | **$132,320.69** |
| **Total:** | | **$1,190,266.65** | **$87,295.12** | **$1,151,230.45** | **$87,295.12** | **$39,036.20** | **$344,617.18** |

---

[1]     This represents holdbacks from Applicant's first, second and third interim fee applications.

[2]     This represents the total of Applicant's fees approved by this Court in Orders dated June 22, 1995 and July 31, 1996 (as amended on August 8, 1996) for the Seventh and Eighth Interim Periods, respectively, for which Applicant has not received payment.

[3]     This represents the total of Applicant's expenses approved by this Court in Orders dated June 22, 1995 and July 31, 1996 (as amended on August 8, 1996) for the Seventh and Eight Interim Periods, respectively, for which Applicant has not received payment.

# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------X

In Re:                                          Chapter 11
                                                Case Nos.: 92-B-40026
WINIMO REALTY CORP., et al.                     through 92-B-40045 (CB),
                                                inclusive,
                                                Jointly Administered
                                                under Case No. 92-B-40026 (CB)

                                Debtors.

---------------------------------X

PROSKAUER ROSE GOETZ
& MENDELSOHN LLP
Co-Counsel to Debtors and
Debtors-in-Possession
1585 Broadway
New York, NY 10036
(212) 969-3000

Hearing Date: March 28, 1996
                10:00 am

| | | Interim Fee(s) | $1,023,187.70 |
| | | Previously Awarded | |
| | | Retainer Paid | -0- |
| | | Eighth Interim Fee Sought | $128,042.75 |
| | | Interim Expenses Previously Award | |
| | | Eighth Interim Expenses Sought | $4,277.94 |
| | | $83,017.18 | |

| Name of Professional(s) | Year Admitted | Hours Engaged | | Rate(s) (Per hour) | Total Since Last Application | Fee(s) Charged for similar work not in Bankruptcy Matters and Percentage received | | Time Records Submitted |
|---|---|---|---|---|---|---|---|---|
| | | Case Total | Since Last Application | | | Fee(s) | % | |
| | | | | | | Same billing rates charged for non-bankruptcy work | | annexed to application as Exhibit "C" |
| Dennis, W. | 1973 | 1.50 | 0 | 300.00 | 0 | | | |
| Foreman, M. | 1986 | 1.00 | 0 | 260.00 | 0 | | | |
| Goldblatt, D.I. | 1962 | .25 | 0 | 375.00 | 0 | | | |
| Hirshon, S.I. | 1972 | 718.90 | 125.60 | *375.00 | $47,100.00 | | | Yes |
| Kinderlehrer, A.C. | 1974 | .55 | 0 | 295.00 | 0 | | | |
| Tannenbaum, B. | 1953 | .25 | 0 | 370.00 | 0 | | | |
| Jackson, J. | 1984 | 63.00 | 0 | 255.00 | 0 | | | |
| Ferrario, R.J. | 1972 | 1.50 | .50 | 285.00 | 42.50 | | | |
| Parnes, A.P. | 1978 | .25 | .25 | 340.00 | 85.00 | | | |
| Port, G. | 1977 | 61.25 | 73.75 | *285.00 | 0 | | | Yes |
| Richie, J. | 1980 | 38.45 | 0 | *256.67 | 0 | | | |
| Willinger, L.D. | 1968 | 33.75 | 0 | 255.00 | 0 | | | |
| Bienstock, M. | 1990 | 65.25 | 0 | 170.00 | 0 | | | |
| Bowman, M. | 1992 | 231.10 | 0 | *181.00 | 0 | | | |
| Clarke, K.E. | 1990 | 125.20 | 0 | 225.00 | 0 | | | |

FS6\F1391O\2002O\001
29S569.FS6

| Name of Professional(s) | Year Admitted | Hours Engaged | | Rate(s) (Per hour) | Total Since Last Application | Fee(s) Charged for similar work not in Bankruptcy Matters and Percentage received | | Time Records Submitted |
|---|---|---|---|---|---|---|---|---|
| | | Case Total | Since Last Application | | | Fee(s) | % | |
| Damshroder, M. | 1989 | 29.00 | 0 | 190.00 | 0 | | | |
| Djika, D.C. | 1989 | 20.25 | 0 | 210.00 | 0 | | | |
| Frankel | 1993 | 20.00 | 0 | 120.00 | 0 | | | |
| Glass, F.J. | 1988 | 5.90 | 0 | 255.00 | 0 | | | |
| Golub, S.M. | 1987 | 2,077.25 | 275.40 | *275.00 | $75,735.00 | | | Yes |
| Hoffman, J.M. | 1983 | 1.75 | 0 | 250.00 | 0 | | | |
| Jacobs, D. | 1986 | 153.15 | 0 | 200.00 | 0 | | | |
| Jogodnik, B. | 1990 | 7.50 | 0 | 182.67 | 0 | | | |
| Kelton, R. | 1993 | 109.70 | 0 | 125.00 | 0 | | | |
| Lautor, D.M. | 1993 | 17.25 | 0 | 125.00 | 0 | | | |
| Martin, B.R. | 1990 | 14.00 | 0 | 165.71 | 0 | | | |
| McDermott, B.L. | 1989 | .25 | 0 | 125.00 | 0 | | | |
| Roffer, M.H. | 1984 | 760.10 | 0 | 260.00 | 0 | | | |
| Safian, L.S. | 1990 | 10.75 | 0 | 225.00 | 0 | | | |
| Silver, D.P. | N/A | 23.10 | 0 | 110.00 | 0 | | | |
| Botte, D.M. | N/A | 41.60 | 0 | 110.00 | 0 | | | |
| Jones, A.A. | N/A | 1.50 | 1.50 | 125.00 | 187.50 | | | Yes |
| Kraske, A. | N/A | 59.65 | 0 | 95.00 | 0 | | | |
| Potash, J.A. | N/A | 22.75 | 0 | | 0 | | | |
| Paralegals/Library | | 752.50 | 36.80 | *103.51 | 0 | | | Yes |
| TOTALS | — | 5,463.55 | 443.55 | | $128,042.75 | 0 | | |

Time Spent in Preparing Fee Application(s) Hours*

Is the time spent in preparing the fee application(s) included in the total hours described in the application?

☐ Yes   ☒ No

Dollar Value of Time Spent in Preparing Fee Application(s) if Compensation Therfor is Sought.

* Time spent preparing this application will be included in Applicants next fee request.

* Blended hourly rate

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :   Chapter 11
In re                               :   Case Nos. 92-B-40026 (CB)
                                    :   through 92-B-40045 (CB)
WINIMO REALTY CORP., et al.,        :   inclusive
                                    :   JOINTLY ADMINISTERED
                                    :   UNDER CASE NO.
                    Debtors.        :   92-B-40026 (CB)
                                    :
------------------------------------x


**EIGHTH AND FINAL APPLICATION OF PROSKAUER ROSE GOETZ &
MENDELSOHN LLP, COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF WINIMO REALTY CORP.,
ET AL., FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES**


TO THE HONORABLE CORNELIUS BLACKSHEAR,
UNITED STATES BANKRUPTCY JUDGE:


The application ("Application") of Proskauer Rose
Goetz & Mendelsohn LLP respectively represents:


## INTRODUCTION


1.    Proskauer Rose Goetz & Mendelsohn LLP
("Applicant"), as former counsel to the Official Committee of
Unsecured Creditors (the "Committee") of Winimo Realty Corp. and
affiliated debtors and debtors-in-possession (collectively, the
"Debtors"), hereby makes application to this Court pursuant to
Sections 330 and 331 of Title 11, 11 U.S.C. §§ 101 et seq. (the
"Bankruptcy Code") and Bankruptcy Rule 2016 for the final
allowance and payment of (a) compensation for professional
services rendered to the Committee during the period commencing
on January 1, 1995 and ending on October 31, 1995 (the "Eighth

Period") in the aggregate amount of $128,042.75 and the allowance and reimbursement of actual and necessary out-of-pocket expenses incurred by Applicant in connection with the rendition of such services during the Eighth Period in the aggregate amount of $4,277.94, (b) all previous awards of compensation in the aggregate amount of $1,023,187.70, of which $169,127.50 represents a fee award for the Seventh Fee Period (as defined below) which remains unpaid and $39,036.20 represents holdbacks for the First, Second and Third Fee Periods (as defined below), and (c) all previous awards of reimbursement of expenses in the aggregate amount of $83,017.18, of which $4,132.79 represents a reimbursement award for the Seventh Fee Period which remains unpaid.

## BACKGROUND

2.     On January 3, 1992 (the "Petition Date"), each of the Debtors filed with this Court its respective voluntary petition (the "Petitions") for relief under Chapter 11 of the Bankruptcy Code.

3.     Pursuant to this Court's order dated January 3, 1992, the Debtors' Chapter 11 cases were administratively consolidated pursuant to Bankruptcy Rule 1015(b).

4.     Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession.

5. On February 12, 1992, at the organizational meeting of creditors, the United States Trustee for the Southern District of New York appointed the Committee to represent all unsecured creditors of the Debtors. Applicant's retention by the Committee as its counsel was authorized _nunc pro tunc_ to February 20, 1992 by an order of this Court dated March 4, 1992.

6. Pursuant to this Court's order dated September 11, 1995, the firm of Silverberg Stonehill & Goldsmith, P.C. was substituted for the Applicant as counsel to the Committee.

### PRIOR FEE APPLICATIONS

7. Applicant submitted seven prior applications dated July 27, 1992, January 6, 1993, March 11, 1993, August 20, 1993, December 23, 1993, June 7, 1994 and March 3, 1995 for interim allowance of compensation and reimbursement of expenses. Each of these applications is incorporated herein by reference. The Court made the following awards with respect to these applications:

a. On September 8, 1992, this Court entered an order which, _inter alia_, awarded Applicant (i) an interim allowance of compensation for the period of time from February 20, 1992 through and including June 30, 1992 (the "First Fee Period") in the amount of $98,755.65, with a holdback of $10,972.85, constituting 10% of the monetary value of Applicant's Court awarded First Fee Period time charges (without prejudice to Applicant's right to seek payment of such holdback

3

in a final application for allowance and payment of compensation), and (ii) an allowance of reimbursement of out-of-pocket expenses incurred by the Applicant during the First Fee Period in connection with the Debtors' cases in the aggregate amount of $11,988.54.

b. On February 11, 1993, this Court entered an order which, _inter alia_, awarded Applicant (i) an interim allowance of compensation for the period of time from July 1, 1992 through and including October 31, 1992 (the "Second Fee Period") in the amount of $152,259.30, with a holdback of $16,917.70, constituting 10% of the monetary value of the Applicant's Court awarded Second Fee Period time charges (also without prejudice to Applicant's right to seek payment of such holdback in a final application for allowance and payment of compensation), and (ii) an allowance of reimbursement of out-of-pocket expenses incurred by the Applicant during the Second Fee Period in connection with the Debtors' cases in the aggregate amount of $14,471.37.

c. On March 31, 1993, this Court entered an order which _inter alia_, awarded Applicant (i) an interim allowance of compensation for the period of time from November 1, 1992 through and including February 28, 1993 (the "Third Fee Period") in the amount of $100,310.85, with a holdback of $11,145.65, constituting 10% of the monetary value of the Applicant's Court awarded Third Fee Period time charges (also without prejudice to Applicant's right to seek payment of

4

such holdback in a final application for allowance and payment
of compensation), and (ii) an allowance of reimbursement of out-
of-pocket expenses incurred by the Applicant during the Third
Fee Period in connection with the Debtors' cases in the
aggregate amount of $9,559.77.

      d.    On October 15, (the "October 15th Order")
this Court entered an order which _inter alia_, awarded Applicant
(i) an interim allowance of compensation for the period of time
from March 1, 1993 through and including June 30, 1993 (the
"Fourth Fee Period") in the amount of $277,137.50, and (ii) an
allowance of reimbursement of out-of-pocket expenses incurred by
the Applicant during the Fourth Fee Period in connection with
the Debtors' cases in the aggregate amount of $20,253.65.  The
October 15th order authorized the Debtors to pay Applicant fees
in the amount of $50,000 for services rendered during the Fourth
Fee Period.  The October 15th order also provided that further
payments by the Debtors on account of interim fees and expenses
awarded with respect to the Fourth Fee Period shall be subject
in all respects to further order of the Court, with full
reservation of rights by the Debtors with respect thereto.

      e.    On January 20, 1994, this Court entered an
order (the "January 20th Order") which _inter alia_, awarded
Applicant (i) an interim allowance of compensation for the
period of time from July 1, 1993 through and including October
31, 1993 (the "Fifth Fee Period") in the amount of $179,757.90,
and (ii) an allowance of reimbursement of out-of-pocket expenses

incurred by the Applicant during the Fifth Fee Period in connection with the Debtors' cases in the aggregate amount of $15,261.80.

f.    The January 20th Order superseded the October 15th Order with respect to fees and expenses incurred by Applicant during the Fourth Fee Period.  The January 20th Order resolved outstanding issues with respect to Applicant's Fourth Fee Period that remained under the October 15th Order and awarded Applicant with respect to the Fourth Fee Period (i) interim allowance of compensation in the amount of $249,423.25 and (ii) an allowance of reimbursement of out-of-pocket expenses incurred by the Applicant during the Fourth Fee Period in connection with the Debtors' cases in the aggregate amount of $20,253.65.

g.    On July 28, 1994, this Court entered an order which, _inter alia_, awarded Applicant (i) an interim allowance of compensation for the period of time from November 1, 1993 through and including April 30, 1994 (the "Sixth Fee Period") in the amount of $73,553.25, and (ii) an allowance of reimbursement of out-of-pocket expenses incurred by Applicant during the Sixth Fee Period in connection with the Debtor's cases in the aggregate amount of $7,349.26.

h.    On June 22, 1995 this Court entered an Order which, _inter alia_, award Applicant (i) an interim Allowance of compensation for the period of time from May 1, 1994 through and

including December 31, 1994 (the "Seventh Fee Period") in the amount of $169,127.50 and (ii) an Allowance of reimbursement of out-of-pocket expenses incurred by Applicant during the Seventh Fee Period in connection with the Debtor's cases in the aggregate amount of $4,132.79.

## SUMMARY OF EXHIBITS

8. Annexed to this Application as Exhibit "A" is the affidavit of Sheldon I. Hirshon, a member of the Applicant, submitted in accordance with Bankruptcy Rule 2016, that states that (a) all services for which compensation is sought herein were rendered to the Committee solely in connection with these Chapter 11 cases, (b) no agreement or understanding exists between Applicant and any other person for the sharing of compensation to be received for services rendered in or in connection with these cases, and (c) no division of compensation will be made by Applicant except as between members and associates of the firm and no agreement prohibited by 18 U.S.C. § 155 or Section 504 of the Bankruptcy Code has been made.

9. In accordance with the Administrative Order dated June 20, 1991 regarding Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases (the "Administrative Order"), annexed to this Application as Exhibit "B" is a certification by Sheldon I. Hirshon (the professional designated by the Applicant with the responsibility in these cases for compliance with the

7

Administrative Order) that: Mr. Hirshon has read the Application; to the best of Mr. Hirshon's knowledge, information and belief formed after reasonable inquiry, the Application complies with the mandatory guidelines set forth in the Administrative Order; to the best of Mr. Hirshon's knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the guidelines set forth in the Administrative Order; and that except to the extent that fees or disbursements are prohibited by these guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by Applicant's clients.

10. Annexed to this Application as Exhibit "C" is a schedule setting forth the name, association, billing rate and total time spent by each attorney and paraprofessional who has worked on these cases during the Eighth Period and a computer printout of each individual attorney's time entries for the Eighth Period itemizing the dates upon which services were rendered, the time spent on each date, the services rendered, and the dollar value of such services. These summaries set forth, in concise form, a description of the services performed during the Eighth Period for which compensation is sought, including the nature of such services and the time spent in the performance thereof.

11. Annexed to this Application as Exhibit "D" is a detailed breakdown of actual and necessary out-of-pocket

expenses incurred by Applicant during the Eighth Period in connection with the rendition of professional services to the Committee.

## EXPERIENCE AND QUALIFICATIONS OF THE APPLICANT

12.    Proskauer Rose Goetz & Mendelsohn LLP is a full service law firm with approximately 140 partners and counsel and 245 associates and special counsel.  In addition to its New York City office, Applicant maintains offices in Clifton, New Jersey, Washington, D.C., Boca Raton, Florida, and Los Angeles, California.  Applicant is also affiliated with the firm of Dubarry Gaston-Dreyfuss Leveque Ledouarin Servan-Schreiber Veil, based in Paris, France and Brussels, Belgium.

13.    Applicant was founded over one hundred and fifteen years ago and represents a broad spectrum of clientele including major public corporations, large and small privately-held corporations, partnerships, private foundations, trusts, estates and individuals.  The Applicant's clients include a large variety of enterprises of varied size, form and function, including financial and investment institutions, professional firms, manufacturing companies, department stores, real estate development companies and partnerships.

14.    The partner in charge of these cases, Sheldon I. Hirshon, has been practicing insolvency law in New York since 1972 and has represented such major Chapter 11 debtors as LJ Hooker Corporation, Seatrain Lines, Inc., Savin Corporation,

Packaging Industries Corporation, and numerous other Chapter 11 corporations. In addition, Mr. Hirshon has represented a broad range of creditors in bankruptcy and insolvency matters including the subordinated bondholders' committee in the Chapter 11 case of Drexel Burnham & Lambert Group, Inc.

15. Mr. Hirshon was principally assisted on these cases by Steven M. Golub, an associate in Applicant's bankruptcy group until his relocation to Silverberg Stonehill and Goldsmith, P.C. in September 1995.

### SUMMARY OF SERVICES RENDERED DURING THE EIGHTH PERIOD

16. In addition to the detailed description of the legal services rendered by Applicant to the Committee set forth in Exhibit "C", the major activities that Applicant undertook on behalf of the Committee and benefits achieved are described below. These projects reflect Applicant's efforts on behalf of the Committee to maximize the size of the Debtors' estates.

17. Applicant at all times sought to contain the administrative expenses incurred in these cases by attempting, where appropriate, to negotiate and settle all issues of concern to the Committee, while at the same time protecting the interests of the Committee and its constituency. As a result, open issues were usually settled before court intervention and determination was required, which saved the estates unnecessary litigation expenses.

18.   This case was at all times staffed carefully by Applicant.   Where feasible, associate attorneys performed as much work as possible.   Such staffing, Applicant submits, enabled the Committee to receive quality work without excess charges to the Debtors' estates.

## Committee Administration

19.   Applicant's role in Committee administration included coordinating the general ongoing functions engaged in by the Committee in discharging its fiduciary duties; facilitating communications with all Committee members through regular and frequent Committee and Executive Committee teleconferences; preparing memoranda to accompany all communications to the Committee describing significant applications or motions filed by the Debtors or any other party in interest; coordinating the activities with Freed Maxick Sachs & Murphy, P.C. ("Freed Maxick"), the accountants retained by the Committee; and responding to all communications and information requests from non-Committee member creditors or their counsel on behalf of the Committee.

20.   Applicant advised the Committee and Executive Committee concerning developments in the Debtors' cases, counseled the Committee as to legal implications of alternative courses of Committee or creditor action and suggested courses of action for the Committee.   Applicant and the Executive Committee, and on some occasions the full Committee, conducted a

number of extensive teleconference calls with representatives of the Debtors concerning various current and long-term issues in these cases.

21.   During the Eighth Period, Applicant's attorneys continued to analyze various environmental issues relating to the Debtors many assets and properties.  In view of the fact that the Debtors are involved in the production and distribution of petroleum products, environmental issues have played a significant role in these cases to the extent that they affect the salability and value of assets, as well as represent an additional category of potential claims against the Debtors' assets and estates.  Applicant's efforts in gaining greater understanding of environmental issues affecting the Debtors' estates has enabled the Committee to more meaningfully participate in negotiations concerning reorganization of the Debtors' business and related sale or other uses of assets and properties.

22.   The Executive Committee has been active in all major aspects of the case, in developing strategies to conclude the case rapidly with the highest possible return to unsecured creditors.  Applicant remained in touch by telephone, telecopy or mail with the Committee on a regular basis, to keep the members up to date and informed on developments in these cases. To that end, Applicant coordinated teleconference calls among members of the full Committee and/or Executive Committee. Applicant often followed up calls with minutes summarizing

discussions and decisions of the Committee or Executive Committee. Applicant believes that those teleconference calls and the regular distribution of memoranda and minutes has successfully ensured that Committee members had all the information necessary to enable them to draw meaningfully on their collective business expertise in making informed decisions, therefore satisfying their fiduciary duty to the entire body of unsecured creditors.

## Communications with Other Creditors

23. During the Eighth Period, Applicant received frequent and regular calls from counsel to individual creditors monitoring the case and other creditors who sought information on the status of the case. Applicant always returned such calls and assisted with information when appropriate and proper to do so.

24. In addition, Applicant often gave advice and made suggestions concerning proposals and settlements put forward by other parties to these cases. In this regard, Applicant throughout these cases has been in frequent communication with the Committee chairmen, Committee members, Executive Committee members, counsel to individual Committee members, counsel to various other creditors and Debtors' counsel.

25. Applicant has also been in regular contact with counsel to CIT Group/Business Credit Inc. ("CIT"), the Debtor's largest secured creditor and post-petition lender, in order to

13

discuss issues and developments in the Debtors' Chapter 11 case and to obtain greater insight into the problems confronting the Debtors' business.

Communications with the Debtors

26. During the Eighth Period, the Applicant remained in continuous contact with the Debtors' attorneys, in order to monitor events affecting the Debtors' business and consult with Debtors' counsel concerning issues of concern or that otherwise affected the interest of the Debtors' creditors.

27. Applicant arranged meetings and/or teleconference calls involving the Debtors' accountants, counsel to the Debtors and various senior management employees of the Debtors, in order to discuss the status of the Debtors' businesses, and potential Chapter 11 plan scenarios. Applicant, together with the Committee's accountants, extensively analyzed the Debtors' sources and uses of working capital, and analyzed extensive financial data and other information that had been provided by the Debtors.

28. Applicant worked closely with Debtors' counsel and Debtors' management in order to discuss the implementation of various cost-cutting measures and asset sale programs that would increase the Debtors' chances for a successfull reorganization.

## Development of a Chapter 11 Plan of Reorganization

29. During the Eighth Period, Applicant's attorneys played an active role in evaluating various concepts relevant to efforts to promulgate a feasible plan of reorganization in the Debtors' Chapter 11 cases. Applicant also researched various issues relating to alternative Chapter 11 plan scenarios, including subordination of insider and affiliate claims, debt restructuring, valuation of secured claims, preservation of net operating losses, stock for debt exchanges, cramdown plans, as well as various other concepts relevant to plan formulation.

30. During the Eighth Period, Applicant's attorneys held numerous discussions with counsel to the Debtor, the Advisory Committee and CIT concerning the parameters of a possible consensual plan of reorganization. The purpose of these meetings and conference calls was to attempt to arrive at the terms of a consensual Chapter 11 plan of reorganization that would allow the Debtors' to emerge from Chapter 11 in the near future.

## Review of Pleadings

31. Applicant reviewed on behalf of the Committee each and every application, motion, and complaint filed by the Debtors and any other parties-in-interest in these proceedings. Through negotiations with the Debtors or other parties-in-interest prior to the filing of pleadings, Applicant often played a part in determining the content of such applications

and motions, thereby avoiding unnecessary litigation over them. Through negotiations, Applicant was largely able to avoid having to file pleadings on behalf of the Committee in response to other applications or motions.

### Participation in Other Bankruptcy Court Proceedings

32.  During the Eighth Period, the Debtors' post petition financing arrangement authorized under the DIP Financing Order (the "DIP Financing Arrangement") was scheduled to expire at various times.  Applicant's attorneys engaged in discussions with counsel to the Debtors and CIT concerning the terms and conditions under which the DIP Financing Arrangement could be extended.  Applicant's attorneys analyzed various documents and instruments relating to the various proposed extensions of the DIP Financing Arrangement.

33.  The Debtors' statutory exclusive periods (the "Exclusive Periods") during which only the Debtors could file a plan of reorganization and solicit acceptances thereof were scheduled to expire on various dates during the Eighth Period. Prior to expiration, the Debtors approached the Committee and CIT seeking an extension of their Exclusive Periods.  Upon consideration of the issue, rather than choosing to file objections to the Debtors' motions to extend the Exclusive Periods, and engaging in litigation over the issue, the Applicant, on behalf of the Committee consented to a number of limited extension of the Debtors' Exclusive Periods subject to

the condition that significant advances be made in connection with development of a plan of reorganization.

34. During the Eighth Period, Applicant was required to analyze and negotiate the terms of proposed agreements and pleadings concerning a number of sale and settlement transactions that were ultimately entered into by the Debtors including the Island Park Property.

35. During the Eighth Period Applicant worked closely with Debtors' counsel in order to begin the process of systematically reconciling, and, as necessary, objecting to the numerous claims asserted against the Debtors' estates. Applicant held discussions with Debtors' counsel in order to review various claims, as well as to devise a strategy for dealing with large numbers of claims. As a result of the efforts to reconcile and object to claims that occurred during the Eighth Period, the Debtors' estates will be in a better position to confirm of plan of reorganization.

36. During the Eighth Period, Applicant prepared an application seeking reimbursement of out-of-pocket expenses incurred by Committee members in connection with this service as members of the Committee. Reimbursement of such expenses by the Debtors helps reduce some of the burden of serving on the Committee and encourages active participation by Committee members. On March 29, 1995, this Court entered an order

awarding reimbursement of expenses incurred by Committee
members.

## Review of CPPI Payments in Lieu of Taxes to City of Albany

37. During 1995, Debtor CPPI made payments
in lieu of property taxes ("PILOT Payments") to the City of
Albany ("Albany") in respect of the CPPI terminal and Refinery.
In light of the shut-down of the CPPI Refinery and conversion of
the facility to strictly a terminalling and thruput operation,
CPPI's obligation to make PILOT payments has become to be viewed
by various constituencies as a burden to the Debtors' estates.
At the request of the Advisory Committee and Debtors'
management, Applicant examined available documents, instruments
and correspondence relating to CPPI's PILOT Payment obligations
and the underlying real property leases, in order to determine
whether grounds exist to eliminate or reduce CPPI's continuing
obligation to make such payments. Applicant performed legal
research in order to attempt to establish a possible basis to
seek a reduction.

## Effective Representation

38. Applicant has at all times been cognizant of the
need for economy in this Chapter 11 case so as to protect the
interests of all creditors. At all times in the proceeding,
Applicant attempted to avoid duplication of the efforts of the
Debtors' attorneys, and avoided unnecessarily filing objections,
responses or other pleadings that would be duplicative of

Debtors' efforts or those of other parties-in-interest in this case. Applicant, to the extent possible, attempted to negotiate settlements of various issues in order to avoid protracted litigation on numerous items of concern on the numerous contested matters that were before the Court in the Eighth Period.

## **RELIEF REQUESTED REGARDING THE EIGHTH PERIOD**

### Time Period Covered

39. This Application requests approval of all fees for professional services rendered to the Committee and reimbursement of expenses incurred during the Eighth Period - from January 1, 1995 through and including October 31, 1995.

### Total Hours Expended

40. During the Eighth Period, an aggregate of 443.55 hours of services were rendered on behalf of the Committee by partners, associates, and paralegals and staff of Applicant. Annexed hereto as Exhibit "C" is a list of all individuals who rendered such services in representation of the Committee during the Eighth Period, such individual's position with Applicant, the number of hours expended by each, and the hourly billing rates of each during the period in which services were rendered.

## Total Fees Requested

41.  Applicant seeks an interim allowance of compensation in the sum of $128,042.75 (for services rendered during the Eighth Period) which amount represents an average hourly billing rate of $288.68 Annexed hereto as Exhibit "C" is a schedule taken from Applicant's computerized billing system setting forth the name of each professional or paraprofessional with Applicant who has worked on this matter during the Eighth Period, together with a detailed record of the services rendered by such professional or paraprofessional and the amount of time spent on each date by such individual in rendering services to or on behalf of the Committee.

## Total Disbursements Requested

42.  Applicant also requests reimbursement of its actual and necessary out-of-pocket expenses in the amount of $4,277.94 incurred during the Eighth Period or in any prior fee periods but not included in any prior applications, all of which expenses were incurred in connection with the rendering of legal services to the Committee.  A summary of expense categories, with total expenses incurred in each category, is annexed hereto as Exhibit "D".

43.  The expenses incurred in the rendition of professional services to the Committee were necessary,

reasonable and justified to serve the needs of the Committee and the Debtors' estates. Frequent long distance telephone calls and teleconference calls were required given the varied and distant locations of the Committee members, the Debtors, the accountants and consultants retained by the Committee and the professionals retained by the Debtors. Overnight delivery of documents and other materials was often required as a result of urgent situations, necessitating the use of express mail services. During the Eighth Period, the Committee and Executive Committee had to meet frequently by teleconference or in person, to consider and resolve numerous issues. Delivering critical information as quickly as possible to each Committee member was imperative to prepare the Committee to perform its duties as a fiduciary of the creditor body. Word processing, photocopying and telecopying charges were incurred to keep the Committee members (and non-Committee member creditors or their counsel seeking information from Applicant) adequately apprised of developments in these cases with frequent transmissions of relevant pleadings or other documents.

44. Applicant has made every effort to minimize the expenses in this case. Applicant believes the expenditures were appropriate and well warranted. Applicant maintains detailed records of all expenses incurred in connection with its representation of the Committee. Applicant requests the Court to approve in full its request for reimbursement of its actual

and necessary expenses incurred in rendering legal services to the Committee.

## RELIEF REQUESTED REGARDING A FINAL AWARD

45. As noted above, in addition to the request for an award of fees and reimbursement to expenses for the Eighth Period the Applicant also seeks a final allowance of (i) all previous awards of compensation in the aggregate amount of $1,023,187.70, of which $169,127.50 represents a fee award for the Seventh Fee Period which remains unpaid and $39,036.20 represents holdbacks for the First, Second and Third Fee Periods, and (ii) all previous awards of reimbursement of expenses in the aggregate amount of $83,017.18, of which $4,132.79 represents a reimbursement award for the Seventh Fee Period which remains unpaid.

46. Aggregating the award requests for the Eighth Period with all prior awards yields a final fee request for all periods of $1,151,230.45, and a final reimbursement award of $87,295.12.

47. Were the Court to grant the relief sought herein the total amounts remaining to be paid would be fees of $336,206.45 and reimbursement of expenses of $8,410.73, all other amounts having already been paid.

## STANDARDS APPLICABLE TO ALLOWANCE OF FEES

48. Applicant is applying for compensation and reimbursement of expenses based on its customary hourly charges that it charges its private clients. The charges for disbursements for which reimbursement is sought herein are either the standard operating charges regularly reimbursed by Applicant's private clients, or else have been reduced in accordance with the standards set forth in the Guidelines.

49. In awarding compensation to professional persons employed under Sections 327 or 1103 of the Bankruptcy Code, Section 330 of the Bankruptcy Code provides for:

    (1) Reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional person, or attorney, as the case may be, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; and

    (2) Reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a). Thus, attorneys providing bankruptcy and business reorganization services are entitled to full compensation at market rates.

50. The Committee applied to retain Applicant pursuant to its customary compensation and reimbursement policies under Section 328(a) of the Bankruptcy Code and obtained approval of this Court to do so. The reasonableness of

Applicant's normal billing policies is reaffirmed on a daily basis by Applicant's private clients and the marketplace, which compensate and reimburse Applicant on at least the same basis as requested here. Applicant believes it is entitled to an award of compensation and reimbursement consistent with its customary billing policies. Applicant believes the fees and expenses it requests in this Application are reasonable.

51. The paralegals employed by Applicant are highly qualified and each has had significant experience prior to their involvement in this case. As a result of such experienced paralegal talent, Applicant has made use of paralegal time in rendering legal services to the Committee where possible in order to minimize the amount of higher priced attorney time billed to the estates. Thus, Applicant respectfully submits that it is entitled to compensation for the work of paralegals at the market rates billed to Applicant's private clients as part of its reasonable attorney's fee.

52. The services rendered by Applicant to the Committee during these cases have resulted in a well informed, prepared Committee capable of responding quickly and knowledgeably to important applications and motions of Debtors and other parties-in-interest as required by the fiduciary duty each Committee member owes to the entire body of unsecured creditors. Applicant's services have played a material role in the results and benefits achieved to date, including certain provisions of court orders and other documents which provided

24

protection for creditors. In addition, Applicant's efforts have contributed to more cooperative relations between the Committee, the Debtors and CIT, resulting in less litigation between such groups and expeditious achievement of business objectives, thereby benefiting the estates as well as the entire body of unsecured creditors. Given the size of the potential claims and the large and diverse body of unsecured creditors, this is a significant achievement. Applicant's extensive services have been rendered in an efficient and timely manner by attorneys who have achieved a high degree of professional expertise in the areas in which they have rendered service. Applicant submits that an allowance of the compensation and expenses sought by this Application is fair and reasonable compensation and in accordance with applicable standards.

## CONCLUSION

53. No previous allowance has been made by Applicant for the services rendered or expenses incurred during the Eighth Period, nor has Applicant sought previously a final award as requested herein.

**WHEREFORE,** based upon the foregoing, Applicant respectfully requests:

(i) an allowance of compensation for professional services rendered as attorneys for the Committee during the Eighth Period in the amount of $128,042.75;

25

(ii)     an allowance of reimbursement of actual and necessary expenses incurred during the Eighth Period in the amount of $4,277.94;

(iii)    a final allowance of all previous awards of compensation in the aggregate amount of $1,023,187.70, of which $169,127.50 represents a fee award for the Seventh Fee Period which remains unpaid and $39,036.20 represents holdbacks for the First, Second and Third Fee Periods;

(iv)     a final allowance of all previous awards of reimbursement of expenses in the aggregate amount of $83,017.18, of which $4,132.79 represents a reimbursement award for the Seventh Fee Period which remains unpaid; and

(v)      such other and further relief as the Court deems just and appropriate under the circumstances of this case.

Dated:  New York, New York
        February 16, 1996

                    Respectfully submitted,

                    Proskauer Rose Goetz & Mendelsohn LLP

                    By: _Sheldon J. Hirshon_
                        Sheldon I. Hirshon (SH-0070)
                        A Member of the Firm
                        1585 Broadway
                        New York, New York  10036
                        (212) 969-3000

                    ATTORNEYS FOR THE OFFICIAL COMMITTEE
                    OF UNSECURED CREDITORS

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                                    :    Chapter 11
In re                               :    Case Nos. 92-B-40026 (CB)
                                    :    through 92-B-40045 (CB)
WINIMO REALTY CORP., et al.,        :    inclusive
                                    :    JOINTLY ADMINISTERED
                                    :    UNDER CASE NO.
                    Debtors.        :    92-B-40026 (CB)
                                    :    **AFFIDAVIT**
-----------------------------------x

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF NEW YORK   )

          SHELDON I. HIRSHON, being duly sworn, deposes and

says:

          1.    I am a member of the law firm of Proskauer Rose

Goetz & Mendelsohn LLP ("Applicant"), which firm maintains

offices for the practice of law at 1585 Broadway, New York, New

York 10036.  Applicant has acted as counsel to and rendered

professional services on behalf of the Official Committee of

Unsecured Creditors (the "Committee") of Winimo Realty Corp. and

affiliated debtors-in-possession.  I submit this Affidavit in

connection with the application (the "Application") of such firm

for (i) a final allowance of fees for the professional services

rendered to and on behalf of the Committee, from January 1, 1995

through October 31, 1995 (the "Period"), and (ii) the

reimbursement of actual expenses incurred during the Period.  In

accordance with Bankruptcy Rule 2012, your deponent hereby

states that (a) all services for which compensation is sought

herein were rendered to the Committee solely in connection with

the above Chapter 11 case, and not on behalf of any other person, (b) the allowance and payment, on a final basis of compensation for professional services rendered to the Committee during the period (i) commencing on February 20, 1992 through June 30, 1992 in the amount of $10,972.85 representing fees heldback from the fee order entered in this case on September 8, 1992, (ii) commencing on July 1, 1992 through October 31, 1992 in the aggregate amount of $16,917.70 representing fees heldback from the fee order entered in this case on February 11, 1993, (iii) commencing on November 1, 1992 through Februry 28, 1993 in the aggregate amount of $11,145.65 representing fees heldback from the order entered on March 31, 1993 and (iii) commencing on May 1, 1994 through December 31, 1994 in the amount of $169,127.50 pursuant to the fee order dated June 22, 1995 (c) final approval of all interim allowance of fees and expenses previously awarded and paid to applicant, and (d) no agreement or understanding exists between Applicant Proskauer Rose Goetz & Mendelsohn LLP and any other person for the sharing of compensation received or to be received for the services rendered in connection with these cases, and (e) no division of compensation will be made by said firm, except as between members and associates of the firm.

_Sheldon I. Hirshon_

Sheldon I. Hirshon

Sworn to before me this
___ day of February 1996

_____
Notary Public

BETH FRIEDMAN LURIE
NOTARY PUBLIC, State of New York
No. 4783035
Qualified in Nassau County
Commission Expires Sept. 30, 19___

2

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                                   :  Chapter 11
In re                              :  Case Nos. 92-B-40026
                                   :  (CB) through 92-B-40045
WINIMO REALTY CORP., et al.,       :  (CB) inclusive JOINTLY
                                   :  ADMINISTERED UNDER CASE
                                   :  NO. 92-B-40026 (CB)
                Debtors.           :
                                   :
-----------------------------------x

#### CERTIFICATION PURSUANT TO JUNE 20, 1991 GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY CASES

1.    I, Sheldon I. Hirshon, am a partner in the law firm of Proskauer Rose Goetz & Mendelsohn LLP ("Applicant") and have been designated as Applicant's certifying professional with responsibility for compliance with the Court's June 20, 1991 Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases ("Guidelines").

2.    Pursuant to sections A.1(a)-(d) of the Guidelines, I certify that:  (A) I have read Applicant's application (the "Application") for approval of interim fees and expenses as Counsel to the Official Committee of Unsecured Creditors (the "Committee") which has been appointed in the Debtors' Chapter 11 cases; (b) to the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the mandatory rules set forth in the Guidelines; (c) to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and

disbursements sought in the Application fall within the Guidelines, and (d) except to the extent that fees and disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by Applicant's clients.

3. Pursuant to paragraph D.1(a)-(c) of the Guidelines, I certify that: (A) Applicant does not make a profit in providing any reimbursable services to the debtor; (b) in charging for a particular service, the Applicant has not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay; and (c) in seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party, the Applicant has requested reimbursement only for the amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor.

Dated: New York, New York
February 16, 1996

Sheldon I. Hirshon

2

**Exhibit C**

**EXHIBIT C**
**CIBRO (Winomo Realty Corp.)**
**Summary of Services Rendered**
**January 1 1995 – October 31, 1995**

| Name | Association | Total Hours | Billing Rate | Total Amount |
|------|-------------|-------------|--------------|--------------|
| Hirshon, S.I. | Partner | 125.60 | $375.00 | $ 47,100.00 |
| **Total Partners** | | **125.60** | **375.00** | **47,100.00** |
| | | | | |
| Ferrario, R.J. | Special Counsel | .50 | 285.00 | 142.50 |
| Port, G.S. | Special Counsel | 3.75 | 285.00 | 1,068.75 |
| **Total for Special Counsel** | | **4.25** | **285.00** | **1,211.25** |
| | | | | |
| Golub, S.M. | Associate | 275.40 | 275.00 | 75,735.00 |
| **Total for Associate** | | **275.40** | **275.00** | **75,735.00** |
| | | | | |
| Jones, A.A. | Summer Associate | 1.50 | 125.00 | 187.50 |
| **Total for Summer Associate** | | **1.50** | **125.00** | **187.50** |
| | | | | |
| **Paraprofessionals and Support Staff** | | **36.80** | **103.51**[1] | **3,809.00** |
| | | | | |
| **Total** | | **443.55** | **$288.68*** | **$128,042.75** |

---

[1]    Represents Applicant's Blended Hourly Billing Rate.

CLIENT:  CIBRO (WINIMO REALTY CORP.)

DETAIL DESCRIPTION OF SERVICES RENDERED:

MATTER NAME:  CHAPTER 11
FILE #       20020.0001

| DATE | DESCRIPTION | HOURS | AMOUNT |
| --- | --- | --- | --- |
| 01/03/95 | Rev pleadings & other docs re Advisory Comm.,AGWAY and plan negotiation.<br>PARTNER:  SHELDON I. HIRSHON | 1.60 | 600.00 |
| 01/03/95 | Rev proposed cash flows as sent to CIT<br>PARTNER:  SHELDON I. HIRSHON | .20 | 75.00 |
| 01/03/95 | Draft & revise memo re: pilot payments<br>ASSOCIATE:  STEVEN M. GOLUB | .50 | 137.50 |
| 01/03/95 | Tel. call w/ D. Jeter re: plan negotiations<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 01/04/95 | Tel Fiore for update on status of negotiations.<br>PARTNER:  SHELDON I. HIRSHON | 1.00 | 375.00 |
| 01/04/95 | Review proposed order re: extension of 365(d)(4) period<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 01/05/95 | Cnf Fiore re negotiation of cash flow.<br>PARTNER:  SHELDON I. HIRSHON | 1.20 | 450.00 |
| 01/05/95 | Cnf Halberg, Fiore re CIT meeting.<br>PARTNER:  SHELDON I. HIRSHON | .90 | 337.50 |
| 01/05/95 | Prep. 7th interim fee application<br>ASSOCIATE:  STEVEN M. GOLUB | 2.00 | 550.00 |
| 01/06/95 | Cnf Golub re rvsed prpsd cash flows & CIT negotns;rvw same.<br>PARTNER:  SHELDON I. HIRSHON | 1.80 | 675.00 |
| 01/06/95 | Tel. call w/ J. Fiore re: cash flow projections, plan issues<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 01/06/95 | Call w/ J. Fiore & C. Dropkin re: possible sale of Island Park property<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 01/06/95 | Meeting w/ S. Hirshon re: plan negotiations; revised financing projections<br>ASSOCIATE:  STEVEN M. GOLUB | 1.00 | 275.00 |

01/10/95 Revise memo re: pilot payment                       .50    137.50
         ASSOCIATE:  STEVEN M. GOLUB

01/11/95 Conference with S. Golub re Fee Application          .30     31.50
         LEGAL ASSISTANT:  ELLEN ALLEN

01/11/95 Tel call w/ P. Goodman re: UOP claims, claims        .50    137.50
         objections
         ASSOCIATE:  STEVEN M. GOLUB

01/11/95 Analysis of response of UOP to claims              1.00    275.00
         objections
         ASSOCIATE:  STEVEN M. GOLUB

01/11/95 Tel call w/ G. Schwed re: objections to UOP          .30     82.50
         claims
         ASSOCIATE:  STEVEN M. GOLUB

01/11/95 Tel. Call w/ R. Fellows re: Ch. 11 Plan              .50    137.50
         negotiations, developments in case
         ASSOCIATE:  STEVEN M. GOLUB

01/12/95 Sort various documents for indexing                 .50     52.50
         LEGAL ASSISTANT:  ELLEN ALLEN

01/12/95 Begin calulations for fee application             1.00    105.00
         LEGAL ASSISTANT:  ELLEN ALLEN

01/12/95 Tel Fiore re revise cash flow projections           .30    112.50
         PARTNER:  SHELDON I. HIRSHON

01/12/95 Tel. call w/ P. Jeter re: Chapter 11 Plan           .30     82.50
         negotiations
         ASSOCIATE:  STEVEN M. GOLUB

01/12/95 Tel. call w/ R. Fellows re: plan negotiations       .30     82.50
         ASSOCIATE:  STEVEN M. GOLUB

01/12/95 Tel. call w/ T. Gorman re: Chapter 11 plan          .30     82.50
         negotiations, developments in case
         ASSOCIATE:  STEVEN M. GOLUB

01/13/95 Calculate fees and disbursements for fee          2.00    210.00
         application and begin work on chart
         LEGAL ASSISTANT:  ELLEN ALLEN

01/13/95 Prep memo re: plan negotiations, developments       .50    137.50
         in case
         ASSOCIATE:  STEVEN M. GOLUB

01/13/95 Tel. call w/ H. Halberg re: plan negotiations,      .30     82.50
         developments in case
         ASSOCIATE:  STEVEN M. GOLUB

01/13/95 Analysis of revised chapter 11 plan projections      .50    137.50
         ASSOCIATE:  STEVEN M. GOLUB

01/16/95 Complete calculations regarding fee app chart       2.00    210.00
         and double check figures
         LEGAL ASSISTANT:  ELLEN ALLEN

01/16/95 Rvw revised cash flow and cnf Halberg in prep       2.60    975.00
         for CIT mtg.
         PARTNER:  SHELDON I. HIRSHON

01/16/95 Tel. call w/ H. Holberg re: meeting w/ CIT,          .30     82.50
         cash flow projections
         ASSOCIATE:  STEVEN M. GOLUB

01/17/95 Complete and check cover chart for fee app          1.00    105.00
         LEGAL ASSISTANT:  ELLEN ALLEN

01/17/95 Attend Cibro/CIT mtg;cnf debtor re same             4.00   1500.00
         PARTNER:  SHELDON I. HIRSHON

01/17/95 Meetings w/ Advisory Committee, CIT & Debtors       4.00   1100.00
         management re: case, Ch. 11 plan issues
         ASSOCIATE:  STEVEN M. GOLUB

01/23/95 Sort various documents and begin Indexing same      1.50    157.50
         LEGAL ASSISTANT:  ELLEN ALLEN

01/24/95 Analysis of pleadings re: retention of Arnold &      .30     82.50
         Porter as environmental counsel
         ASSOCIATE:  STEVEN M. GOLUB

01/25/95 Tel. call w/ S. Jakolow re: Albany lease             .20     55.00
         payment
         ASSOCIATE:  STEVEN M. GOLUB

01/26/95 Tel. call w/ H. Halberg re: pending motions,         .20     55.00
         meeting w/ CIT
         ASSOCIATE:  STEVEN M. GOLUB

01/26/95 Analysis of revised cash flow analysis &             .40    110.00
         financial projections
         ASSOCIATE:  STEVEN M. GOLUB

01/26/95 Analysis of proposed consent order re:               .20     55.00
         extension of exclusive period
         ASSOCIATE:  STEVEN M. GOLUB

01/26/95 Analysis of 17th Amendment to DIP financing and      .50    137.50
         related pleadings
         ASSOCIATE:  STEVEN M. GOLUB

01/26/95 Analysis of stipulation & order re: Peter Wilds          .20     55.00
         settlement
         ASSOCIATE:   STEVEN M. GOLUB

01/26/95 Analysis of stipulation & order re: William              .30     82.50
         Robbins settlement
         ASSOCIATE:   STEVEN M. GOLUB

01/26/95 Prep. 10th Amended stip and order re:                    .50    137.50
         litigation moratorium
         ASSOCIATE:   STEVEN M. GOLUB

01/26/95 Tel. call w/ M. Underweiser re: pending                  .30     82.50
         motions, exclusivity, DIP financing, claims
         objections
         ASSOCIATE:   STEVEN M. GOLUB

01/26/95 Tel. calls w/J. Fiore, H. Halberg, W. Fabrizio           .40    110.00
         and S. Hirshon re: scheduling meeting w/ CIT
         ASSOCIATE:   STEVEN M. GOLUB

01/26/95 Tel. call w/ W. Fabrizio re: meeting w/ CIT              .20     55.00
         ASSOCIATE:   STEVEN M. GOLUB

01/26/95 Tel. call w/ J. Fiore re: meeting w/ CIT,                .30     82.50
         revised projections
         ASSOCIATE:   STEVEN M. GOLUB

01/27/95 Represent Committee at hearing re: DIP                  2.00    550.00
         extension, exclusivity, litigation moratorium
         ASSOCIATE:   STEVEN M. GOLUB

01/30/95 Tel. call G. Yeh of Exxon re: current status of          .30     82.50
         case
         ASSOCIATE:   STEVEN M. GOLUB

01/30/95 Review 12/94 Operating Report and financial              .40    110.00
         statements
         ASSOCIATE:   STEVEN M. GOLUB

02/01/95 Review monthly fee statements for professionals          .40    110.00
         ASSOCIATE:   STEVEN M. GOLUB

02/02/95 Draft memo to Committee re: Chapter 11 plan             2.50    687.50
         negotiations, developments in case
         ASSOCIATE:   STEVEN M. GOLUB

02/02/95 Organize files                                           .50    137.50
         ASSOCIATE:   STEVEN M. GOLUB

02/02/95 Draft memo re: Albany leases and PILOT Program          3.00    825.00
         payments
         ASSOCIATE:   STEVEN M. GOLUB

| Date | Description | Hours | Amount |
|------|-------------|-------|--------|
| 02/03/95 | Draft and revise memo re: PILOT payments; organize exhibits; analyze documents<br>ASSOCIATE:  STEVEN M. GOLUB | 2.00 | 550.00 |
| 02/06/95 | Cnf call Fiore,Golub,Halberg re plan negotiations w/CIT<br>PARTNER:  SHELDON I. HIRSHON | 1.00 | 375.00 |
| 02/06/95 | Tel Fiore re plan negotiations<br>PARTNER:  SHELDON I. HIRSHON | .50 | 187.50 |
| 02/06/95 | Revise memo to Committee re: developments in case<br>ASSOCIATE:  STEVEN M. GOLUB | 1.00 | 275.00 |
| 02/06/95 | Conf. call w/ J. Fiore, H. Halberg & S. Hirshon re: Ch. 11 plan issues, financial projections<br>ASSOCIATE:  STEVEN M. GOLUB | 1.00 | 275.00 |
| 02/06/95 | Revise memo re: challenges to PILOT payment objections<br>ASSOCIATE:  STEVEN M. GOLUB | 1.50 | 412.50 |
| 02/07/95 | Conference with S. Golub re Fee Application<br>LEGAL ASSISTANT:  ELLEN ALLEN | .30 | 31.50 |
| 02/07/95 | Rvw and rvse status letter to Committee<br>PARTNER:  SHELDON I. HIRSHON | .50 | 187.50 |
| 02/07/95 | Draft and revise memo to Committee re: plan negotiations, case<br>ASSOCIATE:  STEVEN M. GOLUB | 1.00 | 275.00 |
| 02/07/95 | Tel. call w/ H. Halberg re: Chapter 11 plan negotiations; letter to Committee<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 02/07/95 | Tel. call w/ M. Underweiser re: proposed settlement with Peter Wilds<br>ASSOCIATE:  STEVEN M. GOLUB | .20 | 55.00 |
| 02/08/95 | Review materials re plan negotiations<br>PARTNER:  SHELDON I. HIRSHON | 1.40 | 525.00 |
| 02/08/95 | Draft 7th interim fee application<br>ASSOCIATE:  STEVEN M. GOLUB | 3.00 | 825.00 |
| 02/08/95 | Tel. call w/ M. Underweiser re: claims settlements<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |

| | | |
|---|---|---|
| 02/08/95 Analysis of draft stipulations re: claims settlements<br>ASSOCIATE:  STEVEN M. GOLUB | .50 | 137.50 |
| 02/08/95 Revise and finalize letter to Committee re: developments in case<br>ASSOCIATE:  STEVEN M. GOLUB | 1.20 | 330.00 |
| 02/09/95 Disc. w/ S. Hirshon re: PILOT payments<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 02/09/95 Draft Fee Application<br>ASSOCIATE:  STEVEN M. GOLUB | 1.50 | 412.50 |
| 02/09/95 Analysis and summary of time entries for case from 5/1/94 to 12/31/94<br>ASSOCIATE:  STEVEN M. GOLUB | 2.50 | 687.50 |
| 02/09/95 Analysis of stip & order re: Peter Wilds settlement<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 02/09/95 Analysis of Chapter 11 plan cash flow projections<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 02/09/95 Tel. call w/ M. Underweiser re: various orders<br>ASSOCIATE:  STEVEN M. GOLUB | .20 | 55.00 |
| 02/09/95 Review file re: Advisory Committees orders<br>ASSOCIATE:  STEVEN M. GOLUB | .40 | 110.00 |
| 02/09/95 Tel. call w/ H. Halberg re: plan negotiations, surplus real estate sales<br>ASSOCIATE:  STEVEN M. GOLUB | .50 | 137.50 |
| 02/10/95 Draft 7th interim fee application<br>ASSOCIATE:  STEVEN M. GOLUB | 2.50 | 687.50 |
| 02/13/95 Review revised financial information and plan proposal<br>PARTNER:  SHELDON I. HIRSHON | 1.70 | 637.50 |
| 02/13/95 Legal research re: exemptions under Section 485(B) of NY Real Property Tax Law<br>ASSOCIATE:  STEVEN M. GOLUB | 2.50 | 687.50 |
| 02/13/95 Draft certification re: fee app.<br>ASSOCIATE:  STEVEN M. GOLUB | .40 | 110.00 |
| 02/13/95 Draft affidavit re: fee application<br>ASSOCIATE:  STEVEN M. GOLUB | .50 | 137.50 |

02/13/95 Draft 7th interim fee application                    1.10    302.50
         ASSOCIATE:   STEVEN M. GOLUB

02/14/95 Document search S. Golub re various documents          .50     52.50
         and affs of service
         LEGAL ASSISTANT:  ELLEN ALLEN

02/14/95 Conferences with S. Golub and E. Gibbons re Fee       1.00    105.00
         application time sheets
         LEGAL ASSISTANT:  ELLEN ALLEN

02/14/95 Legal research real property tax exemptions,          2.00    550.00
         applicability to PILOT payments
         ASSOCIATE:   STEVEN M. GOLUB

02/14/95 Legal research re: grounds for review of PILOT        1.00    275.00
         payment assessments
         ASSOCIATE:   STEVEN M. GOLUB

02/14/95 Meeting w/ E. Allen re: time entries for fee           .30     82.50
         app., organization of exhibits
         ASSOCIATE:   STEVEN M. GOLUB

02/14/95 Draft order re: fee applications                      1.00    275.00
         ASSOCIATE:   STEVEN M. GOLUB

02/14/95 Draft & revise 7th interim fee application            1.00    275.00
         ASSOCIATE:   STEVEN M. GOLUB

02/15/95 Research property tax exemptions under New York       2.50    687.50
         RPTL
         ASSOCIATE:   STEVEN M. GOLUB

02/15/95 Revise fee application                                1.30    357.50
         ASSOCIATE:   STEVEN M. GOLUB

02/16/95 Proof printout of time entries for fee               1.00    105.00
         application
         LEGAL ASSISTANT:  ELLEN ALLEN

02/16/95 Review materials re: plan issues                      2.00    550.00
         ASSOCIATE:   STEVEN M. GOLUB

02/16/95 Review monthly fee statements for professionals        .40    110.00
         ASSOCIATE:   STEVEN M. GOLUB

02/16/95 Review misc. correspondence & pleadings in case        .50    137.50
         ASSOCIATE:   STEVEN M. GOLUB

02/16/95 Disc. w/ E. Allen re: revision of fee                  .30     82.50
         application
         ASSOCIATE:   STEVEN M. GOLUB

02/17/95 Proof entries to fee app time sheets re          1.50    157.50
         continuity
         LEGAL ASSISTANT:  ELLEN ALLEN

02/21/95 Conf w/M. Roffer re removal of files from his    3.50    350.00
         office; call mailroom to remove files; repack
         files;discuss index ofdoc
         LEGAL ASSISTANT:  KAREN G. WILLIAMS

02/22/95 Proof proforma for fee app for various changes   1.00    105.00
         and updates
         LEGAL ASSISTANT:  ELLEN ALLEN

02/22/95 Tel Halberg,Golub re status of plan              1.10    412.50
         negotiations and Oxbridge letter
         PARTNER:  SHELDON I. HIRSHON

02/22/95 Meeting w/ S. Hirshon re: Oxbridge proposal to    .50    137.50
         purchase CIT's debt, plan issues
         ASSOCIATE:  STEVEN M. GOLUB

02/22/95 Tel. call w/ D. Jeter re: Chapter 11 plan         .30     82.50
         negotiations
         ASSOCIATE:  STEVEN M. GOLUB

02/23/95 Review and revise fee application cover sheet     1.00    105.00
         LEGAL ASSISTANT:  ELLEN ALLEN

02/23/95 Review and recalculate fee app numbers           1.00    105.00
         LEGAL ASSISTANT:  ELLEN ALLEN

02/23/95 Tel. call w/ D. Jeter re: Oxbridge Inc.           .50    137.50
         proposal, plan issues
         ASSOCIATE:  STEVEN M. GOLUB

02/23/95 Analysis of materials re: Oxbridge Inc.           .50    137.50
         possible purchase of CIT debt
         ASSOCIATE:  STEVEN M. GOLUB

02/23/95 Analysis of Arthur Anderson & Co. 7th Interim    1.50    412.50
         fee app. and detailed time entries
         ASSOCIATE:  STEVEN M. GOLUB

02/23/95 Research on Oxbridge and Gorsetman for S          .50     45.00
         Hirshon
         LIBRARY:  JAMES O'MEARA

02/24/95 Begin review of revised business plan            1.00    375.00
         PARTNER:  SHELDON I. HIRSHON

02/24/95 Tel Halberg re Oxbridge offer and preparation     .60    225.00
         for CIT mtg
         PARTNER:  SHELDON I. HIRSHON

| | | | |
|---|---|---|---|
| 02/24/95 | Revise 7th interim fee application | 1.50 | 412.50 |
| | ASSOCIATE:  STEVEN M. GOLUB | | |
| 02/24/95 | Disc. w/ E. Allen re: exhibits to fee application | .30 | 82.50 |
| | ASSOCIATE:  STEVEN M. GOLUB | | |
| 02/24/95 | Analysis of revised business plan and financial projections, compare with prior plans | 3.50 | 962.50 |
| | ASSOCIATE:  STEVEN M. GOLUB | | |
| 02/24/95 | Disc. w/ S. Hirshon re: revised business plan | .50 | 137.50 |
| | ASSOCIATE:  STEVEN M. GOLUB | | |
| 02/24/95 | Res re Oxbridge Inc and Frederick Gorsetman for S Hirshon | 1.00 | 90.00 |
| | LIBRARY:  SALLY L. MUNSON | | |
| 02/27/95 | Review fee application time sheets and draft memo re same | 1.50 | 157.50 |
| | LEGAL ASSISTANT:  ELLEN ALLEN | | |
| 02/27/95 | Attend mtg w/CIT,debtor,Advisory Committee | 3.50 | 1312.50 |
| | PARTNER:  SHELDON I. HIRSHON | | |
| 02/27/95 | Tel Halberg,Golub re prep for CIT/debtor meeting | 1.20 | 450.00 |
| | PARTNER:  SHELDON I. HIRSHON | | |
| 02/27/95 | Tel Fiore to review business plan | .90 | 337.50 |
| | PARTNER:  SHELDON I. HIRSHON | | |
| 02/27/95 | Complete review of business plan | 2.00 | 750.00 |
| | PARTNER:  SHELDON I. HIRSHON | | |
| 02/27/95 | Meeting w/ CIT, Debtors and Advisory Committee re: plan issues | 3.50 | 962.50 |
| | ASSOCIATE:  STEVEN M. GOLUB | | |
| 02/27/95 | Conf. call w/ P. Silverstein and S. Hirshon re: plan negotiations | .50 | 137.50 |
| | ASSOCIATE:  STEVEN M. GOLUB | | |
| 02/27/95 | Conf. call w/ H. Halberg and S. Hirshon re: revised business plan, negotiations with CIT | 1.00 | 275.00 |
| | ASSOCIATE:  STEVEN M. GOLUB | | |
| 02/27/95 | Prep. for meeting w/ Company and CIT, analyze prior projections and business plans | 1.00 | 275.00 |
| | ASSOCIATE:  STEVEN M. GOLUB | | |

CLIENT: CIBRO (WINIMO REALTY CORP.)
PAGE 10

02/27/95 Analysis of 2123 Business Plan Reorg. strategy,      2.00    550.00
         tax analysis, financial projections
         ASSOCIATE:  STEVEN M. GOLUB

02/28/95 Meeting with S. Golub re fee application              .40     42.00
         LEGAL ASSISTANT:  ELLEN ALLEN

02/28/95 Proof time proforma template for fee                 1.50    157.50
         application
         LEGAL ASSISTANT:  ELLEN ALLEN

02/28/95 Research plan issues                                 2.00    550.00
         ASSOCIATE:  STEVEN M. GOLUB

02/28/95 Research real property tax law exemptions            1.20    330.00
         ASSOCIATE:  STEVEN M. GOLUB

02/28/95 Prep. fee application                                1.00    275.00
         ASSOCIATE:  STEVEN M. GOLUB

02/28/95 Analysis of January 1995 monthly operating            .50    137.50
         report
         ASSOCIATE:  STEVEN M. GOLUB

02/28/95 Disc. w/ E. Allen re: Exhibits for fee                .10     27.50
         applications
         ASSOCIATE:  STEVEN M. GOLUB

02/28/95 Tel. call w/ D. Jeter re: Chapter 11 plan             .60    165.00
         negotiations, possible sale of refinery
         ASSOCIATE:  STEVEN M. GOLUB

03/01/95 Update cover sheets for fee application and           .50     52.50
         arrange for copying
         LEGAL ASSISTANT:  ELLEN ALLEN

03/01/95 .Cnf Halberg, Golub re Oxbridge; reveiw of CIT       1.20    450.00
         meeting and management issue.
         PARTNER:  SHELDON I. HIRSHON

03/01/95 Research challenges to PILOT payments                1.20    330.00
         ASSOCIATE:  STEVEN M. GOLUB

03/01/95 Draft letter to H. Halberg re: PILOT payments         .20     55.00
         ASSOCIATE:  STEVEN M. GOLUB

03/01/95 Research plan issues                                 1.20    330.00
         ASSOCIATE:  STEVEN M. GOLUB

03/01/95 Draft order & notice for fee application              .80    220.00
         ASSOCIATE:  STEVEN M. GOLUB

03/01/95 Disc. w/ E. Allen re: exhibits for fee                .20    55.00
         application
         ASSOCIATE:  STEVEN M. GOLUB

03/01/95 Revise 7th interim fee application               1.50   412.50
         ASSOCIATE:  STEVEN M. GOLUB

03/01/95 Tel. call w/ M. Underweiser re: claims               .10    27.50
         settlement
         ASSOCIATE:  STEVEN M. GOLUB

03/01/95 Conf. call s/ H. Halberg & S. Hirshon re: plan   1.30   357.50
         management issues
         ASSOCIATE:  STEVEN M. GOLUB

03/02/95 Meeting with S. Golub re Service list for fee    1.50   157.50
         application update list, and verify addresses
         LEGAL ASSISTANT:  ELLEN ALLEN

03/02/95 Research real property tax assessment            1.00   275.00
         ASSOCIATE:  STEVEN M. GOLUB

03/02/95 Disc. w/ E. Allen re: service of fee app.            .30    82.50
         ASSOCIATE:  STEVEN M. GOLUB

03/02/95 Revise fee application, organize exhibits        1.00   275.00
         ASSOCIATE:  STEVEN M. GOLUB

03/02/95 Review monthly fee statements for professionals      .20    55.00
         ASSOCIATE:  STEVEN M. GOLUB

03/02/95 Tel. call w/ C. Knopp re: status of case            .30    82.50
         ASSOCIATE:  STEVEN M. GOLUB

03/03/95 Telephone Fiore to review CIT meeting.              .50   187.50
         PARTNER:  SHELDON I. HIRSHON

03/03/95 Research Plan issues                                .70   192.50
         ASSOCIATE:  STEVEN M. GOLUB

03/03/95 Further revise fee application                   1.00   275.00
         ASSOCIATE:  STEVEN M. GOLUB

03/03/95 Research re: real property tax exemptions        1.50   412.50
         ASSOCIATE:  STEVEN M. GOLUB

03/06/95 Prepare by hands and arrange for copies of       1.00   105.00
         seventh fee application to be circulated to
         various parties in interest
         LEGAL ASSISTANT:  ELLEN ALLEN

03/06/95 Tel call w/ P. Goodman re: claims objections        .40   110.00
         ASSOCIATE:  STEVEN M. GOLUB

| | | | |
|---|---|---|---|
| 03/06/95 | Tel call w/ M. Underweiser re: court calendar | .20 | 55.00 |
| | ASSOCIATE: STEVEN M. GOLUB | | |
| 03/06/95 | Disc. w/ E. Allen re: service of fee app. | .30 | 82.50 |
| | ASSOCIATE: STEVEN M. GOLUB | | |
| 03/06/95 | Prep. execution copies of fee application; organize exhibits | .70 | 192.50 |
| | ASSOCIATE: STEVEN M. GOLUB | | |
| 03/07/95 | Review PILOT memorandum. | 3.60 | 1350.00 |
| | PARTNER: SHELDON I. HIRSHON | | |
| 03/07/95 | Telephone Silverstein, Halberg re Oxbridge meeting. | .50 | 187.50 |
| | PARTNER: SHELDON I. HIRSHON | | |
| 03/07/95 | Research plan issues | 1.00 | 275.00 |
| | ASSOCIATE: STEVEN M. GOLUB | | |
| 03/07/95 | Research real property tax reassessments | 1.50 | 412.50 |
| | ASSOCIATE: STEVEN M. GOLUB | | |
| 03/07/95 | Review misc. pleadings and correspondence | .50 | 137.50 |
| | ASSOCIATE: STEVEN M. GOLUB | | |
| 03/08/95 | Sort documents for indexing | 1.50 | 157.50 |
| | LEGAL ASSISTANT: ELLEN ALLEN | | |
| 03/08/95 | Review Albany lease memo and documents. | 3.60 | 1350.00 |
| | PARTNER: SHELDON I. HIRSHON | | |
| 03/08/95 | Telephone Fiore re Oxbridge meeting. | .40 | 150.00 |
| | PARTNER: SHELDON I. HIRSHON | | |
| 03/08/95 | Research alternative plan scenarios | 1.50 | 412.50 |
| | ASSOCIATE: STEVEN M. GOLUB | | |
| 03/09/95 | Research plan issues | 1.50 | 412.50 |
| | ASSOCIATE: STEVEN M. GOLUB | | |
| 03/09/95 | Disc. w/ S. Hirshon re: strategy in case | .50 | 137.50 |
| | ASSOCIATE: STEVEN M. GOLUB | | |
| 03/09/95 | Review correspondence re: possible equity investment | .40 | 110.00 |
| | ASSOCIATE: STEVEN M. GOLUB | | |
| 03/10/95 | Research real property tax assessments | 1.50 | 412.50 |
| | ASSOCIATE: STEVEN M. GOLUB | | |

03/10/95  Analysis of Andrews & Kurth fourth interim fee      2.80    770.00
          application and detailed time entries
          ASSOCIATE:   STEVEN M. GOLUB

03/13/95  Tel call w/ M. Underweiser re: court order          .20     55.00
          ASSOCIATE:   STEVEN M. GOLUB

03/13/95  Conf call w/ P. Silverstein & S. Hirshon re:        .30     82.50
          fee applications
          ASSOCIATE:   STEVEN M. GOLUB

03/13/95  Tel. call w/ H. Holberg re: fee applications,       .30     82.50
          financial projections
          ASSOCIATE:   STEVEN M. GOLUB

03/13/95  Tel call w/ S. Hirshon re: plan projections,        .30     82.50
          developments in case
          ASSOCIATE:   STEVEN M. GOLUB

03/13/95  Analysis of revised Chapter 11 plan               3.00    825.00
          projections; compare with prior projections
          ASSOCIATE:   STEVEN M. GOLUB

03/14/95  Distribution of notice of fee hearing               .50     52.50
          LEGAL ASSISTANT:   ELLEN ALLEN

03/14/95  Document search for S. Golub re prior three fee     .30     31.50
          applications
          LEGAL ASSISTANT:   ELLEN ALLEN

03/14/95  Prepare labels and envelopes for distribution     1.00    105.00
          of Notice of Fee hearing
          LEGAL ASSISTANT:   ELLEN ALLEN

03/14/95  Analysis of Chap. 11 Plan Projections and plan    1.50    412.50
          scenarios
          ASSOCIATE:   STEVEN M. GOLUB

03/14/95  Tel call w/ P. Silverstein re: case                 .30     82.50
          ASSOCIATE:   STEVEN M. GOLUB

03/14/95  Analysis of fee applications and orders re:        1.00    275.00
          write-offs by various professionals
          ASSOCIATE:   STEVEN M. GOLUB

03/14/95  Conf call w/ P. Silverstein and H. Halberg re:      .50    137.50
          fee applications
          ASSOCIATE:   STEVEN M. GOLUB

03/14/95  Disc. w/ E. Allen re: service of fee app and        .30     82.50
          notice
          ASSOCIATE:   STEVEN M. GOLUB

03/14/95 Finalize notice of fee application hearing      .30    82.50
      ASSOCIATE: STEVEN M. GOLUB

03/14/95 Discs. w/ S. Hirshon re: Andrews & Kurth fee    .30    82.50
      app.
      ASSOCIATE: STEVEN M. GOLUB

03/14/95 Tel call w/ Judge Blackshear's chambers re:    .20    55.00
      calendar matters
      ASSOCIATE: STEVEN M. GOLUB

03/15/95 Arrange for copying, draft by hands, draft    1.00   105.00
      affidavit and serve fee application
      LEGAL ASSISTANT: ELLEN ALLEN

03/15/95 Arrange changing of date on fee application   1.00   105.00
      papers, & for copying, draft memo lit sup and
      arrange for filing
      LEGAL ASSISTANT: ELLEN ALLEN

03/15/95 Conference Golub re fees.                  .30   112.50
      PARTNER: SHELDON I. HIRSHON

03/15/95 Review Agio correspondence.              .30   112.50
      PARTNER: SHELDON I. HIRSHON

03/15/95 Draft letter re: fee applications        .50   137.50
      ASSOCIATE: STEVEN M. GOLUB

03/15/95 Tel call w/ P.Silverstein re: fee apps     .30    82.50
      ASSOCIATE: STEVEN M. GOLUB

03/15/95 Disc. w/ S. Hirshon re: fee applications,    .30    82.50
      ASSOCIATE: STEVEN M. GOLUB

03/15/95 Tel call w/ M. Underweiser re: fee apps,    .30    82.50
      calendar issues
      ASSOCIATE: STEVEN M. GOLUB

03/15/95 Tel call w/ S. Hirshon re: sale of refinery,   .30    82.50
      case
      ASSOCIATE: STEVEN M. GOLUB

03/15/95 Tel call w/ H. Halberg re: fee applications;   .50   137.50
      meeting w/ CIT, case
      ASSOCIATE: STEVEN M. GOLUB

03/15/95 Filed notice of application for an order     .75    71.25
      awarding fees.
      LIT. SUPPORT: ANTHONY LOPEZ

| | | |
|---|---|---|
| 03/16/95 Tel call w/ H. Halberg re: advisory committee meeting<br>ASSOCIATE: STEVEN M. GOLUB | .30 | 82.50 |
| 03/16/95 Prep for meeting w/ A. Providenti & H. Halberg; research plan issues<br>ASSOCIATE: STEVEN M. GOLUB | 2.00 | 550.00 |
| 03/16/95 Tel call w/ J. Fiore re: financial projections<br>ASSOCIATE: STEVEN M. GOLUB | .30 | 82.50 |
| 03/17/95 Draft aff of service re fee application and arrange for copies and filing of same<br>LEGAL ASSISTANT: ELLEN ALLEN | 1.00 | 105.00 |
| 03/17/95 Conferencè advisory committee, Golub to review all aspects of Chapter 11 case.<br>PARTNER: SHELDON I. HIRSHON | 5.50 | 2062.50 |
| 03/17/95 Meeting w/ A. Providenti, H. Halberg, M. Grienstein & S. Hirshon re: Chapter 11 plan issues<br>ASSOCIATE: STEVEN M. GOLUB | 5.00 | 1375.00 |
| 03/20/95 Begin work on monthly<br>LEGAL ASSISTANT: ELLEN ALLEN | .50 | 52.50 |
| 03/20/95 Attend CIT/Debtor Committee meeting.<br>PARTNER: SHELDON I. HIRSHON | 2.50 | 937.50 |
| 03/20/95 Tel call w/ P. Goodman re: claims<br>ASSOCIATE: STEVEN M. GOLUB | .30 | 82.50 |
| 03/20/95 Meeting w/ CIT, Advisory Committee & Debtors re: plan issues<br>ASSOCIATE: STEVEN M. GOLUB | 2.70 | 742.50 |
| 03/20/95 Prep. for meeting w/ CIT & Debtor<br>ASSOCIATE: STEVEN M. GOLUB | 1.00 | 275.00 |
| 03/20/95 Filed two sets of affidavits.<br>LIT. SUPPORT: ANTHONY LOPEZ | .75 | 71.25 |
| 03/21/95 Double check addresses of return mail, resend and update service list<br>LEGAL ASSISTANT: ELLEN ALLEN | 1.00 | 105.00 |
| 03/21/95 Review Albany lease situation memo.<br>PARTNER: SHELDON I. HIRSHON | .70 | 262.50 |
| 03/22/95 Telephone Fiore re Carini meeting.<br>PARTNER: SHELDON I. HIRSHON | .40 | 150.00 |

CLIENT: CIBRO (WINIMO REALTY CORP.)
PAGE 16

03/22/95 Fax to Landriscina re meeting dates.          .10    37.50
          PARTNER:  SHELDON I. HIRSHON

03/22/95 Research plan issues                          2.00   550.00
          ASSOCIATE:  STEVEN M. GOLUB

03/22/95 Review misc. correspondence and pleadings in   .50   137.50
          case
          ASSOCIATE:  STEVEN M. GOLUB

03/22/95 Analysis of pleadings re: objection to Paine    .30    82.50
          Webber claims
          ASSOCIATE:  STEVEN M. GOLUB

03/23/95 Telephone Halberg re CIT meeting, Carini        .30   112.50
          meeting and AGIO bid.
          PARTNER:  SHELDON I. HIRSHON

03/23/95 Draft letter re: adjourned fee application      .30    82.50
          ASSOCIATE:  STEVEN M. GOLUB

03/23/95 Conf call w/ H. Halberg & S. Hirshon re:        .50   137.50
          management issues, possible sale of refinery
          ASSOCIATE:  STEVEN M. GOLUB

03/23/95 Tel call w/ J. Epps re: calender                .10    27.50
          ASSOCIATE:  STEVEN M. GOLUB

03/23/95 Tel call w/ D. Jeter re: plan issues            .30    82.50
          ASSOCIATE:  STEVEN M. GOLUB

03/23/95 Tel call w/ M. Underweiser re: calendar matters .30    82.50
          ASSOCIATE:  STEVEN M. GOLUB

03/24/95 Check addresses on return mail, resend and      .50    52.50
          update noa list
          LEGAL ASSISTANT:  ELLEN ALLEN

03/24/95 Telephone Halberg re CIT meeting.               .20    75.00
          PARTNER:  SHELDON I. HIRSHON

03/27/95 Tel call w/ H. Halberg re: February financials, .30    82.50
          management issues
          ASSOCIATE:  STEVEN M. GOLUB

03/27/95 Tel call w/ S. Jakolow re: PILOT payment        .20    55.00
          documents
          ASSOCIATE:  STEVEN M. GOLUB

03/28/95 Disc. w/ S. Hirshon re: exclusivity, sale of    .30    82.50
          equipment
          ASSOCIATE:  STEVEN M. GOLUB

03/28/95  Analysis of 18th Amendment to DIP financing      .50    137.50
          agreement and related documents and pleadings
          ASSOCIATE:  STEVEN M. GOLUB

03/28/95  Tel call w/ M. Underweiser re: exclusivity, DIP   .30     82.50
          financing, litigation moratorium
          ASSOCIATE:  STEVEN M. GOLUB

03/28/95  Draft 11th Stip and order extending litigation    .50    137.50
          moratorium
          ASSOCIATE:  STEVEN M. GOLUB

03/28/95  Tel call w/ J. Stein re: extension of DIP         .20     55.00
          financing, exclusivity, litigation moratorium
          ASSOCIATE:  STEVEN M. GOLUB

03/29/95  Review documents from S. Jakolow re: pilot       2.00    550.00
          payments
          ASSOCIATE:  STEVEN M. GOLUB

03/29/95  Represent Committee at hearings re: litigation   2.00    550.00
          moratorium, DIP financing, exclusivity
          ASSOCIATE:  STEVEN M. GOLUB

03/30/95  Conference Landrascina, Fabrizio, Halberg,       1.90    712.50
          Golub re CIT plan proposal.
          PARTNER:  SHELDON I. HIRSHON

03/30/95  Meeting w/ B. Landriscina, W. Fabrizio & H.      2.00    550.00
          Halberg re: plan issues
          ASSOCIATE:  STEVEN M. GOLUB

03/30/95  Prep for meeting w/ CIT, review plan proposals   1.00    275.00
          ASSOCIATE:  STEVEN M. GOLUB

03/31/95  Telephone Fiore re CIT term sheet.                .60    225.00
          PARTNER:  SHELDON I. HIRSHON

03/31/95  Analysis of Documents re:  pilot payments.       1.50    412.50
          ASSOCIATE:  STEVEN M. GOLUB

03/31/95  Analysis of CIT Chapter 11 plan proposal and     1.50    412.50
          exit loan term sheet.
          ASSOCIATE:  STEVEN M. GOLUB

03/31/95  Conf. call w/ J. Fiore & P. Silverstein re:       .50    137.50
          plan issues.
          ASSOCIATE:  STEVEN M. GOLUB

04/05/95  Analyze materials re:  pilot payments, Albany    2.00    550.00
          leases.
          ASSOCIATE:  STEVEN M. GOLUB

04/05/95 Research plan issues.                              2.50    687.50
         ASSOCIATE:  STEVEN M. GOLUB

04/06/95 Prep. letter to H. Halberg re:  management          .20     55.00
         issues.
         ASSOCIATE:  STEVEN M. GOLUB

04/06/95 Tel. call with H. Halberg re:  management &         .30     82.50
         plan issues.
         ASSOCIATE:  STEVEN M. GOLUB

04/07/95 Review misc. correspondence and pleadings in        .60    165.00
         case.
         ASSOCIATE:  STEVEN M. GOLUB

04/10/95 Review correspondence.                              .80    300.00
         PARTNER:  SHELDON I. HIRSHON

04/10/95 Tel. call with H. Halberg re:  fee                  .30     82.50
         applications, developments in case.
         ASSOCIATE:  STEVEN M. GOLUB

04/11/95 Review business plan.                               .70    262.50
         PARTNER:  SHELDON I. HIRSHON

04/12/95 Disc. with S. Hirshon re:  case.                    .30     82.50
         ASSOCIATE:  STEVEN M. GOLUB

04/13/95 Analysis of revised plan projections.              2.50    687.50
         ASSOCIATE:  STEVEN M. GOLUB

04/13/95 Tel. call with J. Fiore re:  plan projections,      .70    192.50
         sale of assets.
         ASSOCIATE:  STEVEN M. GOLUB

04/13/95 Tel. call with D. Jeter re:  plan issues.           .30     82.50
         ASSOCIATE:  STEVEN M. GOLUB

04/14/95 Analysis of revised plan projections, review       2.00    550.00
         plan issues.
         ASSOCIATE:  STEVEN M. GOLUB

04/14/95 Tel. call w/ M. Underweiser re:  Albany lease.      .20     55.00
         ASSOCIATE:  STEVEN M. GOLUB

04/14/95 Tel. call w/D. Jeter re:  Equity investors,         .30     82.50
         sale of assets, plan issues.
         ASSOCIATE:  STEVEN M. GOLUB

04/17/95 Review revised business plan using CIT             1.40    525.00
         termsheet.
         PARTNER:  SHELDON I. HIRSHON

04/17/95 Conference JF, Spyros Skouras re review of          .70      262.50
         Chapter 11 case by Wexford Capital Corporation.
         PARTNER:   SHELDON I. HIRSHON

04/17/95 Analysis of fee applications for various           1.00      275.00
         professionals.
         ASSOCIATE:   STEVEN M. GOLUB

04/17/95 Analysis of revised Ch 11 plan projections,        1.50      412.50
         review materials re:  plan issue.
         ASSOCIATE:   STEVEN M. GOLUB

04/17/95 Tel. call w/ J. Fiore re:  financial                .30       82.50
         projections, fee applications.
         ASSOCIATE:   STEVEN M. GOLUB

04/18/95 Telephone Fiore re plan concepts; telephone        2.60      975.00
         Skouras re background of Chapter 11 case.
         PARTNER:   SHELDON I. HIRSHON

04/18/95 Analysis of various documents and agreements       2.50      687.50
         re: pilot payments.
         ASSOCIATE:   STEVEN M. GOLUB

04/19/95 Research plan issues.                              2.00      550.00
         ASSOCIATE:   STEVEN M. GOLUB

04/19/95 Draft fee order.                                   1.00      275.00
         ASSOCIATE:   STEVEN M. GOLUB

04/20/95 Conference Fiore, Silverstein re status of         2.50      937.50
         business plan, CIT negotiations and equity
         investors.
         PARTNER:   SHELDON I. HIRSHON

04/20/95 Conference Skouras re case background.             1.80      675.00
         PARTNER:   SHELDON I. HIRSHON

04/20/95 Analysis and revision re:  draft pleading for      1.50      412.50
         estimation and settlement of closing.
         ASSOCIATE:   STEVEN M. GOLUB

04/20/95 Tel. call w/ H. Holberg re:  fee applications.      .50      137.50
         ASSOCIATE:   STEVEN M. GOLUB

04/21/95 Conference Halberg, Golub re CIT/debtor            1.50      562.50
         negotiations, replacement CEO, sale of Albany.
         PARTNER:   SHELDON I. HIRSHON

04/21/95 Research estimation of insured personal injury     1.00      275.00
         claims.
         ASSOCIATE:   STEVEN M. GOLUB

04/21/95 Revision of pleadings re:  estimation of          1.20    330.00
         claims.
         ASSOCIATE:  STEVEN M. GOLUB

04/21/95 Analysis of fee applications for professionals.    .80    220.00
         ASSOCIATE:  STEVEN M. GOLUB

04/21/95 Conf. call w/ H. Halberg & S. Hirshon re: plan     1.00    275.00
         issues.
         ASSOCIATE:  STEVEN M. GOLUB

04/21/95 Meeting w/ S. Hirshon re:  management changes,      .50    137.50
         plan issues.
         ASSOCIATE:  STEVEN M. GOLUB

04/24/95 Conference call Fiore, Skouros (Wexford) re due     .30    112.50
         diligence review.
         PARTNER:  SHELDON I. HIRSHON

04/24/95 Conference Fiore re CIT meeting.                    .90    337.50
         PARTNER:  SHELDON I. HIRSHON

04/24/95 Tel. call w/ H. Halberg re:  fee applications,      .50    137.50
         developments in case.
         ASSOCIATE:  STEVEN M. GOLUB

04/24/95 Tel. call w/ R. Fellows re:  status of case.        .30     82.50
         ASSOCIATE:  STEVEN M. GOLUB

04/25/95 Review Fee App adjournment; conference Golub re    1.60    600.00
         same; review Albany lease memo.
         PARTNER:  SHELDON I. HIRSHON

04/25/95 Attend fee application hearing.                    1.50    412.50
         ASSOCIATE:  STEVEN M. GOLUB

04/26/95 Conference Halberg re Company proposal to           .50    187.50
         dispose of assets; Gorsetman response.
         PARTNER:  SHELDON I. HIRSHON

04/27/95 Conference Skouros re potential equity            1.50    562.50
         investment.
         PARTNER:  SHELDON I. HIRSHON

04/27/95 Conference Fiore, John, Silverstein, Skouros re   3.00   1125.00
         potential equity investment.
         PARTNER:  SHELDON I. HIRSHON

04/27/95 Conference Fiore, John to prepare for Wexford     1.40    525.00
         meeting.
         PARTNER:  SHELDON I. HIRSHON

04/27/95 Telephone Fiore, Skouros to confirm meeting.          .40    150.00
         PARTNER:   SHELDON I. HIRSHON

04/28/95 Telephone Halberg re Wexford meeting                  .60    225.00
         PARTNER:   SHELDON I. HIRSHON

04/28/95 Telephone Fiore, Skouras re equity deal and          1.40    525.00
         confidentiality agreement
         PARTNER:   SHELDON I. HIRSHON

05/02/95 Conf. call w/P. Goodman & M. Underweiser re:         1.00    275.00
         claims estimation motion.
         ASSOCIATE:  STEVEN M. GOLUB

05/02/95 Analysis of claims estimation motion.               1.00    275.00
         ASSOCIATE:  STEVEN M. GOLUB

05/05/95 Telephone Skouros re status of due diligence          .40    150.00
         PARTNER:   SHELDON I. HIRSHON

05/05/95 Tel. call w/H. Halberg re:  developments in           .50    137.50
         case.
         ASSOCIATE:  STEVEN M. GOLUB

05/10/95 Telephone Skouras re due diligence                  1.20    450.00
         PARTNER:   SHELDON I. HIRSHON

05/12/95 T/Fiore re CIT/Debtor negotiations, Wexford           .50    187.50
         PARTNER:   SHELDON I. HIRSHON

05/15/95 Telephone Skouras re due diligence; review and        .30    112.50
         call to CIT
         PARTNER:   SHELDON I. HIRSHON

05/17/95 T/C HALBERG & SKOURAS RE STATUS OF WEXFORD DUE        .70    262.50
         DILIGENCE REVIEW
         PARTNER:   SHELDON I. HIRSHON

05/18/95 T/C SKOURAS RE DUE DILIGENCE; REVIEW CIBRO           2.60    975.00
         FINAN INFO RE SAME
         PARTNER:   SHELDON I. HIRSHON

05/18/95 Tel. call w/D. Jeter re:  developments in case.       .30     82.50
         ASSOCIATE:  STEVEN M. GOLUB

05/22/95 T/C HALBERG RE STATUS OF ASSET SALE EFFORTS           .60    225.00
         PARTNER:   SHELDON I. HIRSHON

05/22/95 T/C HALBERG, PROVIDENTE TO CONFIRM SKOURAS            .40    150.00
         MEETING
         PARTNER:   SHELDON I. HIRSHON

05/22/95 T/C FIORE RE WEXFORD, OXBRIDGE, CIT          .50    187.50
         NEGOTIATIONS
         PARTNER:  SHELDON I. HIRSHON

05/22/95 Analysis of Agreements re:  pilots payments. .50    137.50
         ASSOCIATE:  STEVEN M. GOLUB

05/22/95 Tel. call w/H. Halberg re:  Albany Lease, Sale .30    82.50
         of Assets.
         ASSOCIATE:  STEVEN M. GOLUB

05/22/95 Analysis of proposed stipulation re:  financed .30    82.50
         insurance premium arrangement with Imperial
         Premium Finance.
         ASSOCIATE:  STEVEN M. GOLUB

05/24/95 CONF SKOURAS, TONY, HERB AND GOLUB RE WEXFORD 1.80   675.00
         NEGOTIATIONS
         PARTNER:  SHELDON I. HIRSHON

05/24/95 PREPARE FOR MEETING BETWEEN ADVISORY COMMITTEE 1.80  675.00
         AND SKOURAS; CONF GOLUB, TONY AND HERB RE SAME
         PARTNER:  SHELDON I. HIRSHON

05/24/95 Meeting w/Wexford Capital, Advisory Committee 4.00  1100.00
         an S. Hirshon.
         ASSOCIATE:  STEVEN M. GOLUB

05/25/95 Telephone Fiore to review Skouras meeting with .70    262.50
         Advisory Committee
         PARTNER:  SHELDON I. HIRSHON

05/25/95 Telephone Skouras to review Advisory Committee 1.30   487.50
         meeting
         PARTNER:  SHELDON I. HIRSHON

05/30/95 Telephone Fiore and Silverstein re extension of .80   300.00
         exclusivity and DIP financing
         PARTNER:  SHELDON I. HIRSHON

05/30/95 Disc. w/ S. Hirshon re:  developments in case. .30    82.50
         ASSOCIATE:  STEVEN M. GOLUB

05/30/95 Tel. call w/H. Halberg re:  DIP financing case. .20    55.00
         ASSOCIATE:  STEVEN M. GOLUB

05/30/95 Prep. 12th Amended Consent Order extending     .50    137.50
         Litigation Moratorium.
         ASSOCIATE:  STEVEN M. GOLUB

05/30/95 Analysis of pleadings & Docs. re:  19th        .30    82.50
         extension of DIP financing.
         ASSOCIATE:  STEVEN M. GOLUB

| | | | |
|---|---|---|---|
| 05/30/95 | Tel. call w/J. Stein re: Litigation Moratorium extension of DIP financing.<br>ASSOCIATE: STEVEN M. GOLUB | .20 | 55.00 |
| 05/31/95 | Rep. committee at hearing re: DIP financing exclusivity, Litigation Moratorium.<br>ASSOCIATE: STEVEN M. GOLUB | 1.50 | 412.50 |
| 06/01/95 | Telephone Fiore re status<br>PARTNER: SHELDON I. HIRSHON | .60 | 225.00 |
| 06/01/95 | Telephone Golub re Court appearance<br>PARTNER: SHELDON I. HIRSHON | .20 | 75.00 |
| 06/01/95 | Tel call w/S. Cirelli re: N. Cirillo issues<br>ASSOCIATE: STEVEN M. GOLUB | .30 | 82.50 |
| 06/06/95 | Telephone Halberg, Golub and Silverstein re Syracuse environmental problem, new CEO and meeting with Company<br>PARTNER: SHELDON I. HIRSHON | 1.20 | 450.00 |
| 06/06/95 | Tel call w/M. Underweiser re: fee app hearing<br>ASSOCIATE: STEVEN M. GOLUB | .20 | 55.00 |
| 06/06/95 | Conf call w/H. Halberg, J. Fiore, P. Silverstein & A. Providenti re: case<br>ASSOCIATE: STEVEN M. GOLUB | .80 | 220.00 |
| 06/07/95 | Conference Fiore, Halberg, Golub re responsible officer, motion for Trustee and Syracuse issue<br>PARTNER: SHELDON I. HIRSHON | 1.40 | 525.00 |
| 06/07/95 | Conference Port to review environmental matters<br>PARTNER: SHELDON I. HIRSHON | .30 | 112.50 |
| 06/07/95 | Tel call w/H. Halberg re: management issues<br>ASSOCIATE: STEVEN M. GOLUB | .30 | 82.50 |
| 06/07/95 | TC Hirshon (2x); TC Gerard<br>SPECIAL COUNSEL: GAIL S. PORT | .50 | 142.50 |
| 06/08/95 | Telephone Skouras re due diligence; telephone Fiore and Halberg re same<br>PARTNER: SHELDON I. HIRSHON | 2.10 | 787.50 |
| 06/08/95 | Meeting w/G. Port re: environmental issues<br>ASSOCIATE: STEVEN M. GOLUB | .50 | 137.50 |
| 06/08/95 | Prepare fax mtg; CW/Golub<br>SPECIAL COUNSEL: GAIL S. PORT | 1.25 | 356.25 |

06/09/95 Tel call w/H. Halberg re: management issues &      .50    137.50
         environmental matters
         ASSOCIATE:  STEVEN M. GOLUB

06/09/95 Prepare for ant attend mtg. w/Mike Gerrard        2.00    570.00
         (Arnold & Porter) to review status of env.
         issues.
         SPECIAL COUNSEL:  GAIL S. PORT

06/09/95 Compiling notes and typing up memo for G. Port    1.50    187.50
         re: CIBRO meeting w/M. Gerrard (Arnold &
         Porter).
         SUMMER ASSOC.:  ANDREA A. JONES

06/12/95 Conf call w/J. Fiore, H. Halberg & P.              .50    137.50
         Silverstein re: responsible officer
         ASSOCIATE:  STEVEN M. GOLUB

06/12/95 Legal research re: environmental claims,          1.00    275.00
         abandonment of contaminated property
         ASSOCIATE:  STEVEN M. GOLUB

06/13/95 Prepare for meeting                               1.50    562.50
         PARTNER:  SHELDON I. HIRSHON

06/13/95 Conf. Gerard,Bill,Joh                             4.50   1687.50
         n,Maria,Fiore,Tony,Ben,Fabrizio and Golub re
         environmental matters and responsible officer
         PARTNER:  SHELDON I. HIRSHON

06/13/95 Meetings w/CIT, Advisory Committee and Debtor     4.50   1237.50
         ASSOCIATE:  STEVEN M. GOLUB

06/14/95 Telephone Skouras re due diligence                .50    187.50
         PARTNER:  SHELDON I. HIRSHON

06/14/95 Conference Ben, Mendel, Tony and Steve re         3.50   1312.50
         responsible officer issues and prepare for
         meeting
         PARTNER:  SHELDON I. HIRSHON

06/14/95 Meetings w/B. Landriscina, A. Providenti, M.      2.50    687.50
         Greenstein & S. Hirshon
         ASSOCIATE:  STEVEN M. GOLUB

06/15/95 Conference Golub re responsible officer motion    .20     75.00
         PARTNER:  SHELDON I. HIRSHON

06/15/95 Telephone Skouras re due diligence                .20     75.00
         PARTNER:  SHELDON I. HIRSHON

06/15/95 Tel call w/S. Hirshon re: case                    .30     82.50
         ASSOCIATE:  STEVEN M. GOLUB

| | | | |
|---|---|---|---|
| 06/15/95 | Prep. employment agreement for M. Greenstein<br>ASSOCIATE:  STEVEN M. GOLUB | 3.00 | 825.00 |
| 06/16/95 | Draft ltr to Advisory Committee re: employment<br>agreement<br>ASSOCIATE:  STEVEN M. GOLUB | .50 | 137.50 |
| 06/16/95 | Revise M. Grynstezjn employment agmt<br>ASSOCIATE:  STEVEN M. GOLUB | 2.50 | 687.50 |
| 06/16/95 | Tel call w/H. Halberg re: Retention Agreement<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 06/16/95 | Draft employment agreement for responsible<br>officer<br>ASSOCIATE:  STEVEN M. GOLUB | 3.50 | 962.50 |
| 06/16/95 | Conf call w/H. Halberg, A. Providenti & M.<br>Grynstezjn re: responsible officer<br>ASSOCIATE:  STEVEN M. GOLUB | 1.00 | 275.00 |
| 06/16/95 | Tel call w/J. Fiore re: DIP financing<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 06/19/95 | Review DiNapoli oil company trusteeship<br>PARTNER:  SHELDON I. HIRSHON | .50 | 187.50 |
| 06/19/95 | Review responsible officer agreement and<br>pleadings from other cases<br>PARTNER:  SHELDON I. HIRSHON | 1.70 | 637.50 |
| 06/19/95 | Telephone Skouras re due diligence review<br>PARTNER:  SHELDON I. HIRSHON | 1.50 | 562.50 |
| 06/19/95 | Disc. w/S. Hirshon re: M. Grynstezjn retention<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 06/19/95 | Draft letter to distribution re: M. Grynstezjn<br>agmt<br>ASSOCIATE:  STEVEN M. GOLUB | .40 | 110.00 |
| 06/19/95 | Draft & revise M. Grynstezjn employment<br>agreement<br>ASSOCIATE:  STEVEN M. GOLUB | 2.00 | 550.00 |
| 06/19/95 | Conf call w/H. Halberg, M. Grynstezjn and A.<br>Providenti re: comments on M. Grynstezjn<br>employment agreement<br>ASSOCIATE:  STEVEN M. GOLUB | 1.00 | 275.00 |
| 06/19/95 | Tel call w/A. Providenti re: M. Grynstezjn<br>retention agreement<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |

06/19/95 Tel call w/J. Honeywell re: PILOT payments          .30    82.50
         ASSOCIATE:  STEVEN M. GOLUB

06/19/95 Tel call w/M. Underweiser re: Murphy Lynch          .20    55.00
         Retention
         ASSOCIATE:  STEVEN M. GOLUB

06/19/95 Analysis of materials re: Murphy Lynch             .30    82.50
         Retention, South Shore Terminal tax refund
         ASSOCIATE:  STEVEN M. GOLUB

06/19/95 Revise M. Greynstezjn employment agreement        2.50   687.50
         ASSOCIATE:  STEVEN M. GOLUB

06/20/95 Conf call w/P. Silverstein & H. Halberg re: M.     .50   137.50
         Grynstezjn retention
         ASSOCIATE:  STEVEN M. GOLUB

06/20/95 Tel call w/H. Halberg re: M. Grynstezjn            .30    82.50
         retention
         ASSOCIATE:  STEVEN M. GOLUB

06/20/95 Tel call w/W. Fabrizio re: comments on M.          .30    82.50
         Grynstezjn employment agreement
         ASSOCIATE:  STEVEN M. GOLUB

06/20/95 Revise M. Grynstezjn employment agreement         2.50   687.50
         ASSOCIATE:  STEVEN M. GOLUB

06/21/95 Telephone Halberg re CIT response to              .40   150.00
         responsible officer papers
         PARTNER:  SHELDON I. HIRSHON

06/21/95 Conference Golub, Fabrizio, Landriscina re        .80   300.00
         comments on responsible officer papers
         PARTNER:  SHELDON I. HIRSHON

06/21/95 Tel call w/D. Jeter re: developments in case      .30    82.50
         ASSOCIATE:  STEVEN M. GOLUB

06/21/95 Revise & draft M. Grynstezjn employment          2.50   687.50
         agreement
         ASSOCIATE:  STEVEN M. GOLUB

06/21/95 Conf call w/H. Halberg & S. Hirshon re:           .50   137.50
         responsible officer
         ASSOCIATE:  STEVEN M. GOLUB

06/21/95 Conf call w/W. Fabrizio, B. Landriscina & S.     1.00   275.00
         Hirshon re: responsible officer, M. Grynstezjn
         ASSOCIATE:  STEVEN M. GOLUB

06/22/95  Telephone Tony re CIT comments on agreement and     1.80     675.00
          review same
          PARTNER:   SHELDON I. HIRSHON

06/22/95  Telephone Golub re fee hearing and contract for      .40     150.00
          responsible officer
          PARTNER:   SHELDON I. HIRSHON

06/22/95  Revise M. Grynstezjn employment agreement           2.00     550.00
          ASSOCIATE:   STEVEN M. GOLUB

06/22/95  Tel call w/S. Hirshon re: case                       .30      82.50
          ASSOCIATE:   STEVEN M. GOLUB

06/22/95  Tel call w/W. Fabrizio re: responsible officer       .30      82.50
          ASSOCIATE:   STEVEN M. GOLUB

06/22/95  Attend fee application hearing                      2.00     550.00
          ASSOCIATE:   STEVEN M. GOLUB

06/22/95  Draft ltr to Distribution re: revised M.             .40     110.00
          Grynstezjn employment agreement
          ASSOCIATE:   STEVEN M. GOLUB

06/23/95  Tel call w/A. Providenti re: responsible             .30      82.50
          officer
          ASSOCIATE:   STEVEN M. GOLUB

06/24/95  Telephone Mendel re contract negotiations            .70     262.50
          PARTNER:   SHELDON I. HIRSHON

06/25/95  Tel call w/H. Halberg re: responsible officer        .30      82.50
          ASSOCIATE:   STEVEN M. GOLUB

06/26/95  Telephone Fabrizio re Ben's reaction to              .40     150.00
          responsible officer contract
          PARTNER:   SHELDON I. HIRSHON

06/26/95  Telephone Silverstein re responsible officer         .60     225.00
          application
          PARTNER:   SHELDON I. HIRSHON

06/26/95  Telephone Fabrizio re Mendel                         .20      75.00
          PARTNER:   SHELDON I. HIRSHON

06/26/95  Tel call w/H. Halberg re: responsible officer        .30      82.50
          ASSOCIATE:   STEVEN M. GOLUB

06/26/95  Tel call w/P. Silverstein re: responsible            .30      82.50
          officer
          ASSOCIATE:   STEVEN M. GOLUB

06/26/95 Rep. committee at Court hearing re: responsible     1.50     412.50
         officer
         ASSOCIATE:   STEVEN M. GOLUB

06/27/95 Conference Fiore, Halberg, Golub re responsible      .40     150.00
         officer pleadings
         PARTNER:   SHELDON I. HIRSHON

06/27/95 Draft ltr to distribution re: M. Grynsztejn          .30      82.50
         Agreement
         ASSOCIATE:   STEVEN M. GOLUB

06/27/95 Draft & revise M. Grynsztejn employment             2.50     687.50
         agreement
         ASSOCIATE:   STEVEN M. GOLUB

06/27/95 Tel calls w/H. Halberg re: management issues         .50     137.50
         ASSOCIATE:   STEVEN M. GOLUB

06/27/95 Conf call w/S. Hirshon & J. Fiore re:                .30      82.50
         responsible officer
         ASSOCIATE:   STEVEN M. GOLUB

06/28/95 Review and revise Mendel's contract                  .80     300.00
         PARTNER:   SHELDON I. HIRSHON

06/28/95 Review Nick, Sr. letter and Tony's response          .40     150.00
         PARTNER:   SHELDON I. HIRSHON

06/28/95 Telephone Fiore re fees                              .30     112.50
         PARTNER:   SHELDON I. HIRSHON

06/28/95 Telephone Jim, Tony, Herb re responsible            1.50     562.50
         officer and related matters
         PARTNER:   SHELDON I. HIRSHON

06/28/95 Draft ltr re: CEO                                    .30      82.50
         ASSOCIATE:   STEVEN M. GOLUB

06/28/95 Draft and revise agreement re: CEO                  1.50     412.50
         ASSOCIATE:   STEVEN M. GOLUB

06/28/95 Tel call w/W. Fabrizio re: CEO issues                .30      82.50
         ASSOCIATE:   STEVEN M. GOLUB

06/28/95 Tel call w/H. Halberg re: CEO issues                 .30      82.50
         ASSOCIATE:   STEVEN M. GOLUB

06/29/95 Revise Mendel's contract                            2.00     750.00
         PARTNER:   SHELDON I. HIRSHON

06/29/95 Draft ltr to distribution re: M. Grynsztejn          .30     82.50
         agreement
         ASSOCIATE:  STEVEN M. GOLUB

06/29/95 Revision of M. Grynsztejn Agreement                  2.00    550.00
         ASSOCIATE:  STEVEN M. GOLUB

06/29/95 Meeting w/S. Hirshon re: revision of M.               .50    137.50
         Grynsztejn agmt
         ASSOCIATE:  STEVEN M. GOLUB

06/29/95 Tel call w/M. Underweiser re: tax refund              .20     55.00
         ASSOCIATE:  STEVEN M. GOLUB

06/29/95 Tel calls w/H. Halberg re: M. Grynsztejn              .50    137.50
         agreement
         ASSOCIATE:  STEVEN M. GOLUB

06/29/95 Tel calls w/W. Fabrizio re: M. Grynsztejn             .50    137.50
         agreement
         ASSOCIATE:  STEVEN M. GOLUB

06/30/95 Disc. w/S. Hirshon re: ltr of intent                 .30     82.50
         ASSOCIATE:  STEVEN M. GOLUB

06/30/95 Revise M. Grynsztejn employment agreement            1.00    275.00
         ASSOCIATE:  STEVEN M. GOLUB

06/30/95 Analysis of Wexford Capital ltr of intent             .50    137.50
         ASSOCIATE:  STEVEN M. GOLUB

07/05/95 Tel call w/H. Halberg re: Wexford Capital            .30     82.50
         ASSOCIATE:  STEVEN M. GOLUB

07/05/95 Review Wexford Capital Corp. ltr of interest          .50    137.50
         ASSOCIATE:  STEVEN M. GOLUB

07/05/95 Draft ltr to W. Fabrizio re: revised agreement       .30     82.50
         ASSOCIATE:  STEVEN M. GOLUB

07/06/95 Prep ltr to J. Fiore re: revised agreement           .30     82.50
         ASSOCIATE:  STEVEN M. GOLUB

07/06/95 Revise M. Grynsztejn employment agreement            1.50    412.50
         ASSOCIATE:  STEVEN M. GOLUB

07/06/95 Tel calls w/W. Fabrizio re: comments on              .40    110.00
         agreement
         ASSOCIATE:  STEVEN M. GOLUB

07/06/95 Tel call w/H. Halberg re: change of CEO,             .30     82.50
         execution of agreement
         ASSOCIATE:  STEVEN M. GOLUB

| | | |
|---|---|---|
| 07/10/95 Tel call w/H. Halberg re: case<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 07/10/95 Tel call w/W. Fabrizio re: M. Grynsztejn<br>agreement<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 07/12/95 Confer SG; rev ltr & rev to emplo agree;<br>correct to rev & redlined vers; t/c SG re final<br>rev<br>SPECIAL COUNSEL:  REMY JAMES FERRARIO | .50 | 142.50 |
| 07/12/95 Tel. Fiore re: status of case, Mendel contract,<br>Syracuse report.<br>PARTNER:  SHELDON I. HIRSHON | .80 | 300.00 |
| 07/12/95 Tel call w/P. Silverstein re: revised agreement<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 07/12/95 Tel call w/H. Halberg re: revised agreement<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 07/12/95 Draft ltr re: revised M. Grynsztejn agreement<br>ASSOCIATE:  STEVEN M. GOLUB | .40 | 110.00 |
| 07/12/95 Revise M. Grynsztejn agreement<br>ASSOCIATE:  STEVEN M. GOLUB | 1.00 | 275.00 |
| 07/17/95 Prep letter re: M. Grynsztejn agreement<br>ASSOCIATE:  STEVEN M. GOLUB | .40 | 110.00 |
| 07/17/95 Tel call w/D. Jeter re: case<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 07/17/95 Tel call w/J. Fiore re: agreement<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 07/17/95 Tel call w/H. Halberg re: case<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 07/18/95 Prep letters to M. Lester & W. Fabrizio re:<br>revised agreement<br>ASSOCIATE:  STEVEN M. GOLUB | .40 | 110.00 |
| 07/18/95 Tel call w/H. Halberg re: case<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 07/19/95 Tel call w/H. Halberg re: case<br>ASSOCIATE:  STEVEN M. GOLUB | .30 | 82.50 |
| 07/19/95 Analysis of Oxbridge Proposal<br>ASSOCIATE:  STEVEN M. GOLUB | 1.00 | 275.00 |

| | | | |
|---|---|---|---|
| 07/19/95 | Conf call w/A. Providenti & H. Halberg re: severance pay, Oxbridge offer<br>ASSOCIATE:   STEVEN M. GOLUB | 1.00 | 275.00 |
| 07/20/95 | Telephone Fiore re Oxbridge offer and case status<br>PARTNER:   SHELDON I. HIRSHON | .80 | 300.00 |
| 07/20/95 | Review Oxbridge offer; telephone Halberg<br>PARTNER:   SHELDON I. HIRSHON | .60 | 225.00 |
| 07/20/95 | Tel calls w/H. Halberg re: Oxbridge proposal<br>ASSOCIATE:   STEVEN M. GOLUB | .50 | 137.50 |
| 07/24/95 | Tel call w/N. Cibro re: Oxbridge offer, advisory committee<br>ASSOCIATE:   STEVEN M. GOLUB | .30 | 82.50 |
| 07/25/95 | Telephone Halberg re status report to Committee<br>PARTNER:   SHELDON I. HIRSHON | .40 | 150.00 |
| 07/25/95 | Tel call w/S. Hirshon re: case<br>ASSOCIATE:   STEVEN M. GOLUB | .30 | 82.50 |
| 07/25/95 | Tel call w/W. Fabrizio re: case<br>ASSOCIATE:   STEVEN M. GOLUB | .30 | 82.50 |
| 07/26/95 | Review Mendel Agreement; telephone Fiore re case status<br>PARTNER:   SHELDON I. HIRSHON | .80 | 300.00 |
| 07/26/95 | Draft ltr to committee re: conference call<br>ASSOCIATE:   STEVEN M. GOLUB | 1.00 | 275.00 |
| 07/26/95 | Tel call w/H. Halberg re: case<br>ASSOCIATE:   STEVEN M. GOLUB | .30 | 82.50 |
| 07/27/95 | Tel call w/H. Halberg re: case<br>ASSOCIATE:   STEVEN M. GOLUB | .30 | 82.50 |
| 07/27/95 | Tel call w/A. Gorman re: sale of assets, case<br>ASSOCIATE:   STEVEN M. GOLUB | .30 | 82.50 |
| 08/01/95 | Tel call w/M. Underweiser<br>ASSOCIATE:   STEVEN M. GOLUB | .30 | 82.50 |
| 08/01/95 | Tel call w/J. Stein<br>ASSOCIATE:   STEVEN M. GOLUB | .30 | 82.50 |
| 08/01/95 | Conduct creditors' committee conference call<br>ASSOCIATE:   STEVEN M. GOLUB | 1.50 | 412.50 |

08/01/95 Prep for creditors' committee conference call     1.00    275.00
         ASSOCIATE:   STEVEN M. GOLUB

08/01/95 Tel calls w/H. Halberg re: preparation for         .50    137.50
         committee conference call
         ASSOCIATE:   STEVEN M. GOLUB

08/01/95 Prep 13th Amended Stip. re: Litigation             .50    137.50
         moratorium
         ASSOCIATE:   STEVEN M. GOLUB

08/02/95 Tel call w/M. Underweiser                          .30     82.50
         ASSOCIATE:   STEVEN M. GOLUB

08/02/95 Analysis of documents re: 20th extension of DIP    .50    137.50
         financing
         ASSOCIATE:   STEVEN M. GOLUB

08/02/95 Represent committee at hearing re: DIP            1.50    412.50
         financing, litigation moratorium, exclusivity
         ASSOCIATE:   STEVEN M. GOLUB

08/07/95 Organize files                                     .50    137.50
         ASSOCIATE:   STEVEN M. GOLUB

08/07/95 Review files re: Advisory Committee                .50    137.50
         ASSOCIATE:   STEVEN M. GOLUB

08/07/95 Tel call w/H. Halberg re: Advisory Committee,      .30     82.50
         Oxbridge Proposal
         ASSOCIATE:   STEVEN M. GOLUB

08/08/95 Draft ltr to Committee re: 1995 financials         .70    192.50
         ASSOCIATE:   STEVEN M. GOLUB

08/09/95 Tel call w/P. Goodman                              .30     82.50
         ASSOCIATE:   STEVEN M. GOLUB

08/09/95 Tel call w/W. Fabrizio                             .30     82.50
         ASSOCIATE:   STEVEN M. GOLUB

08/09/95 Tel call w/H. Halberg                              .30     82.50
         ASSOCIATE:   STEVEN M. GOLUB

08/10/95 Tel call w/H. Halberg re: M. Grynsztejn            .30     82.50
         appointment
         ASSOCIATE:   STEVEN M. GOLUB

08/11/95 Tel call w/P. Goodman re: sale of refinery,        .50    137.50
         claims objections
         ASSOCIATE:   STEVEN M. GOLUB

08/16/95 Analysis of execution copy of consent stip.        .20    55.00
         ASSOCIATE:  STEVEN M. GOLUB

08/16/95 Tel call w/M. Underweiser re: M. Grynsztejn        .30    82.50
         stip., various orders
         ASSOCIATE:  STEVEN M. GOLUB

08/24/95 Tel call w/H. Halberg re: developments in case     .30    82.50
         ASSOCIATE:  STEVEN M. GOLUB

08/29/95 Telephone Ben re status                            .40   150.00
         PARTNER:  SHELDON I. HIRSHON

08/29/95 Draft audit inquiry response ltr                   .50   137.50
         ASSOCIATE:  STEVEN M. GOLUB

08/29/95 Tel call w/P. Goodman                              .20    55.00
         ASSOCIATE:  STEVEN M. GOLUB

09/06/95 Telephone Fiore re status of case                  .80   300.00
         PARTNER:  SHELDON I. HIRSHON

09/07/95 Telephone Fiore re transition issue               1.60   600.00
         PARTNER:  SHELDON I. HIRSHON

09/07/95 Represent Committee at court                      1.00   275.00
         ASSOCIATE:  STEVEN M. GOLUB

**Exhibit D**

**EXHIBIT D**
**Summary of Disbursements**
**WINIMO REALTY CORP., et al.**
**January 1, 1995 - October 31, 1995**

| Reason | Amount |
|---|---|
| Reproduction | 941.20 |
| | |
| Telecommunications: | |
|    a.  Toll Charges | 425.16 |
|    b.  Facsimile | 870.00 |
| | |
| Postage - Overnight and Hand Delivery | 630.70 |
|         First Class Mail | 16.50 |
| | |
| Overtime Meals & Conference Serv. | 109.66 |
| Word Processing | 345.52 |
| Local Travel Fares | 130.75 |
| Research (Lexis, Westlaw & Other) | 573.79 |
| Corporate Services | 234.66 |
| | |
| Total | $4,277.94 |