UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| WINIMO REALTY CORPORATION and<br>CIBRO PETROLEUM PRODUCTS, INC., | Case No.: 92-40026<br>(RDD) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------------x

## FEE STATEMENT OF MURPHY LYNCH, P.C.

Murphy Lynch, P.C., successor in interest to Murphy Lynch Limone & Gionis, P.C. ("Murphy Lynch"), by its counsel, Goldberg Weprin Finkel Goldstein LLP, as and for its Fee Statement pursuant to Order of this Court dated June 9, 2010; respectfully states and alleges:

1. Murphy Lynch seeks the sum of not less than $313,457.85, representing fees of $411,407.85 and reimbursement of expenses in the amount of $2,050, as a contingency fee due to it under Section 328 of the Bankruptcy Code.

2. Murphy Lynch was retained as special counsel to the Debtors for real estate tax certiorari matters by Order of this Court dated February 23, 1993. In particular, Murphy Lynch represented the Debtors in seeking reduction of real estate taxes due to Nassau County in connection with the sale of real property located in Island Park, NY.

3. Under the terms of the original retention, Murphy Lynch was to be paid a contingency fee of any savings achieved. The fee was referenced in the retention

1

Order (ECF 358) as "on a contingency fee basis outlined in paragraph 12 of the Application." Paragraph twelve erroneously listed the percentage fee at 25%, even though the letter agreement between the Debtors and Murphy Lynch which was appended to the retention papers (ECF # 253) set the percentage fee at 35%.

4. After discussions, the parties settled on a 30% fee, which was memorialized in the October 22, 1993 Order allowing fees (ECF # 414), a November 19, 1993 stipulation and order allowing additional fees (ECF #402) and a June 30, 1995 stipulation and order (ECF #589.

5. After completing, and being compensated for services in connection with the tax years through 1992/1993 in accordance with the two referenced orders, Murphy Lynch negotiated a final $740,641 reduction in the taxes due for the years from May 1, 1993 until the subject property was sold in November, 2000.

6. Murphy Lynch therefore now seeks 30% of the savings, after deduction of its expenses of $2,050. However, the actual calculation of the amount of the fees cannot be performed until the taxes are actually paid, because the amount of savings continues to change.

7. Although the sale of the subject property closed in November, 2000, the sale was "free and clear of liens with liens to attach to the proceeds", and the sale proceeds are still being held in escrow on behalf of the Debtor. As the taxes constitute post-petition liens, interest and penalties continue to accrue on the unpaid taxes under Section 506 of the Bankruptcy Code. However, because of the reductions obtained by Murphy Lynch, the interest and penalties are being comparably reduced.

8. Thus, for example, by our calculation, on May 31, 2002, the taxes, interest and penalties had grown to $1,646,287.57, but the actual amount due was only $606,211.49, a savings of $1,040,076.18.

9. By Murphy Lynch's calculation the fee due as of November, 2000 was $223,607.30, calculated as follows:

| | |
|---|---:|
| Savings: | $ 740,641.00 |
| Less expenses: | 2,050.00 |
| Subtotal: | 738,591.00 |
| 30%: | 221,557.30 |
| Plus expenses: | 2,050.00 |
| Final fees and expenses: | 223,607.30 |

10. However, the fee as of May 31, 2002 was $313,457.85.

| | |
|---|---:|
| Savings: | $ 1,040,076.18 |
| Less expenses: | 2,050.00 |
| Subtotal: | 1,038,026.18 |
| 30%: | 311,407.85 |
| Plus expenses: | 2,050.00 |
| Final fees and expenses: | 313,457.85 |

11. Thus, while Murphy Lynch seeks fees and expenses of at least $313,457.85, it reserves it right to such additional fees as may become due and owing because of increased savings prior to the actual payment of the taxes in question.

WHEREFORE, Murphy Lynch, P.C. seeks allowance and payment of contingent fees and expenses as set forth above.

Dated: New York, New York
      July 9, 2010

                          GOLDBERG WEPRIN
                          FINKEL GOLDSTEIN LLP
                          Attorneys for Murphy Lynch P.C.
                          1501 Broadway, 22nd Floor
                          New York, New York 10036
                          (212) 221-5700

                          By: /s/ J. Ted Donovan

H:\TDonovan\Murphy Lynch - Winimo\Fee Statement 07-08-10.doc